FORT v. BRINKLEY.

Opinion delivered October 5, 1908.

1.  MUNICIPAL CORPORATIONS—CRIMINAL JURISDICTION OF MAYOR.—Under Kirby's Digest, § 5590, giving mayors of cities of the second class all the jurisdiction and power of a justice of the peace, and id., § 5247, providing that whenever any physician or surgeon or person engaged in the practice of medicine or surgery in this State shall be convicted of any crime or misdemeanor involving moral turpitude his license shall be revoked, held that when a physician or surgeon is convicted before a mayor of a crime involving moral turpitude the mayor is authorized to revoke his license as part of the punishment. (Page 403.)

2.  STATUTES—CONSTRUCTION.—Where a statute uses a word the meaning of which is well known, and which has a definite sense at common law, the word will be restricted to that sense. (Page 404.)

3. PHYSICIAN—REVOCATION OF LICENSE—CRIME OF MORAL TURPITUDE—
Under Kirby's Digest, § 5247, providing, in effect, that a conviction of
a crime involving moral turpitude shall be cause for revoking the
license of a physician, the term "moral turpitude" refers to an act
of baseness, vileness or depravity in the private and social duties
which a man owes to his fellow men or to society in general, but
not to such acts as are not of themselves immoral but whose ille-
gality lies in the fact of their being positively prohibited, such as
an illegal sale of intoxicating liquors. (Page 404.)

4. APPEAL—NECESSITY OF EXCEPTIONS.—It was unnecessary for appellant
to save exceptions to the trial court's conclusion of law if the court
made no declarations of law. (Page 404.)

Appeal from Monroe Circuit Court; *Eugene Lankford,*
Judge; reversed.

STATEMENT BY THE COURT.

P. W. Fort was on the 21st day of October, 1907, tried and
fined by T. H. Jackson, mayor of the city of Brinkley, for the
unlawful sale of intoxicating liquors, known as Fort's Tonic, and
in addition to the fine imposed upon the appellant his license to
practice medicine in the State of Arkansas was revoked.

Fort appealed from that portion of the judgment revoking
his license to practice medicine, and the cause was submitted to
the Monroe Circuit Court, sitting as a jury, upon the following
agreed statement of facts, to-wit:

"The defendant, P. W. Fort, at the time of his arrest, was
a practicing physician in the city of Brinkley, and had been for a
long time before. And on the 19th day of October, 1907, the
city marshal, R. E. Smith, filed an affidavit in the mayor's court
of the city of Brinkley, charging the defendant, P. W. Fort,
with selling intoxicating liquors known as Fort's Tonic. And
thereupon Mayor T. H. Jackson issued a warrant for the arrest
of the said P. W. Fort upon said affidavit so filed with him by the
said R. E. Smith, charging him with the unlawful sale of intox-
icating liquors known as Fort's Tonic; and on the 21st day of
October, 1907, the defendant was brought into court upon said
warrant before the mayor, T. H. Jackson, to answer said charge.
The city of Brinkley, being represented by C. F. Greenlee, attor-
ney, announced ready for trial, and the defendant announced
ready and pleaded not guilty to the charges made in said warrant.

The case was tried, and the mayor, T. H. Jackson, after hearing the evidence of witnesses and the argument of counsel for the city of Brinkley, found the defendant guilty as charged and assessed the fine at $100 and all costs of the prosecution, and in addition to said fine revoked said defendant's license to practice medicine in the State of Arkansas. The defendant paid his fine and all the costs therein, and appealed from that part of the judgment revoking his license. It is further agreed that the city of Brinkley has no ordinance giving the mayor the right to revoke a physician's license, if he is found guilty of a misdemeanor involving moral turpitude or for any other offense.

"The question that the circuit court is asked to determine is whether or not the mayor has the right to revoke the defendant's license, and, if he did have the right to revoke his license, if the crime committed by the defendant is one involving moral turpitude in the meaning of the statute."

The circuit court, sitting as a jury, rendered the following judgment upon the foregoing agreed statement of facts, to-wit: "Now, on this day, this cause coming on to be heard, comes the plaintiff, by its attorney, C. F. Greenlee, and comes the defendants, by his attorneys, G. Otis Bogle and Thomas & Lee, and both parties announced ready for trial. This cause was submitted to the court upon an agreed statement of facts. It appearing to the court that this is an action to determine if the defendant, P. W. Fort, is guilty of moral turpitude upon his having been convicted of selling an intoxicant called Fort's Tonic and assessed a fine and revoked his license as a practicing physician; defendant paid said fine but appealed from the judgment of the mayor's court in the revoking of his license. The court, after hearing the agreed statement of facts and argument of counsel, doth sustain said judgment rendered by the mayor's court. It is therefore considered, ordered and adjudged by the court that said judgment revoking defendant's license as a practicing physician be sustained, and the defendant pay all costs of this appeal."

On the same day the court rendered the above judgment in said cause the defendant filed his motion for a new trial.

*Thomas & Lee,* for appellant; *G. Otis Bogle,* of counsel.

1.   Conviction for misdemeanor and fine do not involve moral turpitude under section 5247, Kirby's Digest.   In law infamous punishment and moral turpitude mean the same thing in relation to crimes, and the latter words do not extend the meaning of the former.   3 Bing. N. C., 835; 8 Dow. & Ry., 140; 12 Barton, 212; 3 Brevard, 241.

2.   Mere violation of the liquor laws do not imply moral turpitude.   31 Vt. 292; 8 Am. Dec. 648; 41 S. W. Rep. 430; 43 Pac. Rep. 652; 12 Cyc. 135; Newell, Defamation, Slander & Libel, § 12, etc.

3.   The mayor has no jurisdiction to revoke a license, in the absence of an ordinance authorizing him to do so.   In 68 Ark. 244, there was an ordinance.

*C. F. Greenlee,* for appellee.

1.   Section 5246, Kirby's Digest, provides for the revocation of license by the same court in which a physician is convicted, and §·§ 5247-8 provide that in addition to the other penalties his license shall be revoked.   The mayor had jurisdiction.   68 Ark. 244.

2.   The evidence in this cause does imply moral turpitude, and violation of liquor laws *may* so imply.   Black, "Turpitude."

3.   No exceptions were saved to the court's rulings.   60 Ark. 250; 70 *id.* 418, etc.

HART, J. (after stating the facts).   There is nothing in the contention of appellant that the mayor of the city of Brinkley had no authority to revoke his license because the prosecution was had for a violation of the liquor laws of the State, and not for a violation of a city ordinance.   The mayor has the same jurisdiction to hear and determine cases within the limits of his jurisdiction under the criminal laws of the State as has a justice of the peace.   Kirby's Digest, § 5590; *Marianna* v. *Vincent,* 68 Ark. 244.   Section 5247 of Kirby's Digest provides that "whenever any physician and surgeon or person engaged in the practice of medicine or surgery in this State shall be convicted of any crime and misdemeanor involving moral turpitude, in addition to the other penalty or penalties imposed upon him shall be added a revocation of his license to practice medicine and

surgery." This section makes the revocation of the license a part of the punishment for the offense, and contemplates that it shall be imposed by the court in which the case is tried.

The second ground relied upon by appellant for reversal is whether or not the sale of intoxicating liquors contrary to the statute is a misdemeanor involving moral turpitude, and that is the real question in the case.

"Offenses against the liquor laws, such as illegal sales of intoxicants, keeping liquor in possession with the intent to dispose of it unlawfully, illegally transporting liquor from place to place, and the like, are statutory crimes, not being punishable at common law. They are also of the description *mala prohibita,* as there is no inherent immorality in such acts, and their illegality lies only in the fact of their being positively prohibited." Black on Intoxicating Liquors, Par. 383.

"Moral turpitude is defined to be an act of baseness, vileness or depravity in the private and social duties which a man owes to his fellowmen or to society in general." 20 Am. & Eng. Ency. of Law, 872. See also Ex parte *Mason,* 54 Am. St. Rep. 772; In re *Kirby* (S. D.) 39 L. R. A. 856.

Moral turpitude implies something immoral in itself, regardless of the fact whether it is punishable by law. The doing of the act itself, and not its prohibition by statute, fixes the moral turpitude. It seems clearly deducible from the above cited authorities that the words "moral turpitude" had a positive and fixed meaning at common law, and that the illegal sale of intoxicating liquors, not being an offense punishable at common law, does not come within the definition of a crime involving moral turpitude.

In a statute using a word the meaning of which is well known, and which has a definite sense at common law, the word will be restricted to that sense. *Buckner* v. *Real Estate Bank,* 5 Ark. 536.

Counsel for appellee contends that the judgment should be affirmed because the appellant saved no exceptions to the trial court's conclusion of law. No declarations of law were asked, and none were given by the court. Appellant contends that the judgment of the court is not sustained by the evidence. In such cases no exceptions were necessary. as the exceptions were prop-

erly preserved in the record and carried forward in the motion for a new trial.

For the error in pronouncing a revocation of appellant's license to practice medicine, the judgment is reversed, and the case dismissed.