[No. S006324. Oct. 13, 1988.]

In re KENNETH LAWRENCE CARR on Suspension.

COUNSEL

No appearance for Petitioner.

Diane C. Yu, Truitt A. Richey, Jr., Richard J. Zanassi and William Stralka for Respondent.

OPINION

**THE COURT.**—Kenneth Lawrence Carr, admitted to practice in 1976, pled no contest in 1983 and 1984 to separate counts of driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)). The courts suspended imposition of sentence in each matter and placed him on probation for three years, on conditions including ten days in jail for his 1983 conviction and two days in jail for his 1984 conviction.

In May 1986, this court referred his 1983 conviction to the State Bar for a hearing, report and recommendation as to whether the circumstances surrounding the offense involved moral turpitude or other misconduct warranting discipline and, if so found, the discipline to be imposed. In November 1986, this court referred his 1984 conviction to the State Bar for a similar hearing, report and recommendation. The State Bar consolidated the matters.

The State Bar's report has now been filed. The hearing panel concluded the facts and circumstances surrounding his convictions did not involve moral turpitude, but did involve other misconduct warranting discipline. The panel recommended suspension for five years, stayed, with five years' probation on conditions including actual suspension for two years and one day consecutive to his current suspension in Bar Misc. Nos. 4426/4575. The Review Department recommended suspension for two years, stayed, and probation for five years on conditions including six months' actual

suspension consecutive to his current suspension or alternatively, a six-month actual suspension for the first six months of his probation.

■ This court, after reviewing the entire record and considering all the facts and circumstances, has concluded that Carr's conduct did not involve moral turpitude, but did involve other misconduct warranting discipline. He should be disciplined in accordance with the State Bar's recommendation, and his period of actual suspension should be consecutive to his current suspension.

It is ordered that Kenneth Lawrence Carr be suspended from the practice of law for two years. Execution of suspension is stayed, and he is placed on probation for five years on the following conditions: that he be suspended for six months effective upon the termination of his current suspension in Bar Misc. Nos. 4426/4575, and that he comply with all the other conditions set forth in the resolution adopted by the Review Department on February 25, 1988. It is further ordered that before he be relieved of his actual suspension, he show satisfactory proof of his rehabilitation, fitness to practice, learning and ability in the law. (Standard 1.4(c)(ii), Standards for Atty. Sanctions for Prof. Misconduct [Rules Proc. of State Bar, Div. V].) It is also ordered that Carr take and pass the Professional Responsibility Examination within one year of the effective date of this order. (See *Segretti* v. *State Bar* (1976) 15 Cal.3d 878, 891 [126 Cal.Rptr. 793, 544 P.2d 929].) This order is effective 30 days after the filing of this opinion.