**STATE of Oklahoma, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Kenneth C. WATSON, Respondent.**

OBAD No. 860.
SCBD No. 3508.

Supreme Court of Oklahoma.

May 9, 1989.

Gloria Miller–White, Asst. Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

Justice B. Adjei, Braswell & Associates, Inc., Oklahoma City, for respondent.

## OPINION

ALMA WILSON, Justice.

Respondent lawyer was accused by Petitioner Bar Association of professional misconduct sufficient to warrant professional discipline. The Bar Association alleged that the respondent had failed to cause an erroneous judgment and sentence of his client to be corrected and that although the client tried numerous times to contact the respondent, the respondent did not make an effort to obtain a correction for over a year. The Bar Association further alleges that the client served an additional thirteen months in prison as a result. After a hearing before the Professional Responsibility Tribunal on November 22, 1988, the Tribunal made the following findings of fact:

[1] Clay Dell Branton retained Kenneth D. Watson to defend him in Case CRF–86–4358 involving the crime of DUI AFC DUI. Thereafter, after discussion with Mr. Banton's family, a Plea Agreement was entered into providing for a 4–year

sentence to run concurrently with another sentence in Case CRF–85–766.

[2] That Clay Dell Branton was an habitual drunk driver, having been charged in six (6) other such cases since 1980 and, at the time he was serving his sentence in Case CRF–86–4358, he was also serving sentences running concurrently in four (4) other cases.

[3] That Branton was confused with respect to the times he was serving under the concurrent sentences.

[4] That the Records Officer at the Community Treatment Center, who was responsible for keeping track of inmates' time and who calculates when a sentence has been discharged, had never been contacted about any error in the sentencing of Branton.

[5] That Kenneth D. Watson applied for and obtained an order nunc pro tunc on the 26th day of January, 1988, providing that Clay Dell Branton was sentenced in CRF–86–4358 to a term of four (4) years and said sentence should run concurrently with CRF–85–766 with credit from the 8th day of March, 1986, when CRF–85–766 was commenced.

[6] That Clay Dell Branton was released from prison on February 1, 1988.

[7] That the credited testimony of the District Attorney established that the nunc pro tunc order was arranged for as a matter of courtesy and, in light of the multiple sentences being served by Branton, he was not prejudiced by any oversight on the part of his attorney.

The Tribunal concluded:

Taking the record as a whole, the evidence did not clearly and convincingly establish a case of a violation of the mandatory provisions of the Code of Professional Responsibility, DR–6–101(A)(1)(2) or [3]. *State ex rel. Oklahoma Bar Ass'n v. Braswell,* Okl. 663 P.2d 1228 (1983).

A review of the transcript of the hearing reveals that the evidence concerning the guilty plea agreement resulting in the judgment and sentence which the complainant alleges was incorrectly made was controverted by the assistant district attorney who made the agreement with the respondent and his client. The Tribunal found that:

... the credited testimony of the District Attorney who was thoroughly familiar with not only the Complainant but also privy to the professional conduct of the Respondent, convincingly supported the view that Respondent did not fail to act competently in any way nor was the Complainant [now deceased] victimized by neglect of counsel.

The Tribunal then quoted the transcript:

Q. The allegation in the Bar Association's complaint, number 12 is

"Because Respondent neglected his client's case for 12 months, Branton served an additional 13 months in prison."

Now, in all of the dialogue that's gone on here, what is your response to that?

A. False. Absolutely false.

The Bar Association argues that even if the Tribunal found that the client suffered no harm by the respondent's action or lack of action that the respondent had a duty that he neglected. We do not read the findings of the Tribunal in the same manner as the Bar Association. The Tribunal found that there was no violation. The record, although controverted, supports that finding. The Tribunal did not find error in the drafting of the original judgment and sentence; the Tribunal found that the client was confused with respect to the times he was serving under the concurrent sentences.

The respondent was found to have properly represented the client during his guilty plea. The client was sentenced on that guilty plea and in accord with a properly entered judgment and sentence. There was apparently no agreement to continue in an attorney-client relationship. The transcript clearly reveals that during the hearing before the Tribunal there was considerable confusion concerning the effect of the client's good time credits and the governor's emergency time credits upon the judgments and sentences of the client.

Finally, the respondent asks that his costs and attorney's fees be assessed against the Oklahoma Bar Association. He cites Rule 6.16 of the Rules of Disciplinary Proceedings as authority for his request. The title of that rule is "Cost of Investigations and Disciplinary Proceedings Where Discipline Results." The purpose of the rule is to provide authority for assessing costs against a respondent who has been disciplined. The respondent cites no other authority to support assessing his costs and attorney fees against the Oklahoma Bar Association. His request is denied.

The Professional Responsibility Tribunal has recommended to this Court by unanimous vote that the complaint against the respondent be dismissed. Having reviewed the record, we find that the complaint against Kenneth C. Watson should be DISMISSED WITH PREJUDICE TO REFILING. IT IS SO ORDERED.

All the Justices concur.