STATE of Oklahoma, ex rel. OKLA-
HOMA BAR ASSOCIATION,
Complainant,

v.

Richard V. ARMSTRONG, Respondent.

SCBD No. 3600.

Supreme Court of Oklahoma.

May 26, 1992.

Dan Murdock, Oklahoma City, for complainant.

Fred P. Gilbert, Brewster, Shallcross & Rizley, Tulsa, for respondent.

SUMMERS, Justice.

The lawyer was convicted of Driving While Under the Influence of Intoxicating Liquor, Second Offense, and the Bar sought suspension under Rule 7, Rules Governing Disciplinary Proceedings. 5 O.S.1981 Ch. 1, App. 1-A. The lawyer objected. In *State ex rel. Oklahoma Bar Association v. Armstrong*, 791 P.2d 815 (Okla.1990) we examined the subject of suspension under Rule 7, and remanded the matter to the Trial Panel of the Professional Responsibility Commission for eliciting evidence on the issue of the Respondent's unfitness to practice of law.[1] The Trial Panel held a hearing, filed a report, the parties briefed the issues, and the matter is now before us for *de novo* review.[2] The Respondent has filed a motion to dismiss the proceeding on the basis that his conviction does not demonstrate his unfitness to practice law. We find no evidence of Respondent's unfitness to practice law and deny the Bar's request for the imposition of discipline.

The Trial Panel's Findings of Fact are as follows:

1. The Respondent was convicted of a felony D.U.I. charge in 1989, pursuant to an arrest occurring in 1986, which conviction resulted in a five-year suspended

1. The respondent's conviction was affirmed by the Court of Criminal Appeals in an unpublished opinion on March 11, 1992. *Armstrong v. State*, 63 O.B.J. 831 (March 21, 1992). Mandate was issued April 2, 1992. *Armstrong v. State*, 63 O.B.J. 1076 (April 11, 1992).

2. *State ex rel. Oklahoma Bar Association v. Blackburn*, 812 P.2d 379, 380 n. 3 (Okla.1991); *State ex rel. Oklahoma Bar Association v. Mothershed*, 812 P.2d 382, 383 (Okla.1991).

sentence running until February 14, 1994.

2. The Respondent was previously convicted in 1985 of two misdemeanor D.U.I. charges arising out of separate incidents occurring in 1984 and 1985.

3. The Respondent suffers from the disease of alcoholism, but has not had a drink since January 31, 1986, and has undergone extensive and continuing rehabilitation, and has demonstrated himself to be a model of said rehabilitation.

4. The Respondent, since 1986, has been, and is, actively engaged in and committed to the rehabilitation of others in the community suffering from alcohol and drug addictions.

5. No complaints or allegations of professional misconduct have been received or directed by the Oklahoma Bar Association against the Respondent.

6. There is no evidence that Respondent's former use of alcohol impairs his ability to conduct efficiently or properly the affairs undertaken for his clients in the practice of law.

7. There is no evidence that Respondent's crime has adversely affected his fitness to practice law.

8. Respondent's reputation in the community has been rehabilitated by his demonstrated commitment to conquering his alcoholism; his reputation as an attorney is one of integrity and professionalism.

The Trial Panel recommended that the Court not discipline the Respondent, but retain jurisdiction over the controversy until February 14, 1994, or until the expiration of the respondent's sentence, whichever occurs earlier. The Bar argues that when a lawyer is convicted of a felony that lawyer brings the Bench and Bar into disrepute and that the court should impose the "appropriate discipline".

 This proceeding was brought under Rule 7. Rule 7.1 states that: "A lawyer who has been convicted in any jurisdiction of a crime which demonstrates such lawyer's *unfitness to practice law*, regardless whether the conviction resulted from a plea of guilty or nolo contendere or from a verdict after trial, shall be subject to discipline as herein provided, regardless of the pendency of an appeal." (emphasis added) 5 O.S.1981 Ch. 1, App. 1–A. Discipline under this rule occurs when a lawyer commits a crime which demonstrates the lawyer's unfitness. We have said that the Respondent's conviction is for the type of offense which in and of itself does not show unfitness to practice law, and that additional evidence of the respondent's unfitness would be necessary. Upon our *de novo* review of the record we find that no evidence of the respondent's unfitness to practice law is before us.

This result bears some similarity to our opinion in *State ex rel. Oklahoma Bar Association v. Jones*, 566 P.2d 130 (Okla.1977). In that case we noted that the disciplinary case could have been brought under the usual procedure for disciplinary proceedings, but instead the Bar brought the proceeding under the summary-type of procedure for the conviction of felonies.[3] We explained that the procedure for summary-type disciplinary proceedings was based upon a lawyer's conviction of a crime involving moral turpitude, that the crime there (violation of the Federal Election Campaign Act) did not possess that characteristic, and we dismissed the proceeding. *Id.* 566 P.2d at 131.

In today's regime regulating the Bar, "unfitness to practice law" has replaced "moral turpitude" as the predicate characteristic of criminal convictions used for summary Bar discipline. *State ex rel. Oklahoma Bar Association v. Armstrong*, 791 P.2d at 817–818. In this case, as in *Jones,* the Bar Association brought a summary proceeding instead of the disciplinary proceeding now available under the authority of Rule 6, Rules Governing Disciplinary Proceedings. Finding no evidence of record demonstrating Respondent's unfitness to practice law, we deny the Complainant's

---

**3.** We distinguished Bar proceedings brought under 5 O.S.1971 Ch. 1, App. 1, Art. 10 § 4(a) (usual) and § 4(b) (summary).

request for the imposition of discipline. *State ex rel. Oklahoma Bar Association v. Jones, supra.*

The Respondent is currently under supervision as required by his suspended sentence. Our disposition herein is, of course, without prejudice to the Bar reopening this Rule 7 proceeding for discipline should the respondent's suspended sentence be revoked, or from bringing a Rule 6 proceeding if the Respondent performs any future acts of misconduct by violating the terms of his suspended sentence or other acts that demonstrate an indifference to a legal obligation.[4] The Bar's application for costs is denied. *See State ex rel. Oklahoma Bar Association v. Watson,* 773 P.2d 749 (Okla.1989), (application for costs denied when complaint dismissed).

OPALA, C.J., HODGES, V.C.J., and LAVENDER, ALMA WILSON and KAUGER, JJ., concur.

HARGRAVE, J., concurs in part, dissents in part.

SIMMS, J., disqualified.

---

4. The Comment to Rule 8.4 of the Rules of Professional Conduct states in part: "A pattern of repeated offenses, even ones of minor significance when considered separately, can indicate indifference to legal obligation." Okla.Stat.Ann. tit. 5, Ch. 1, App. 3–A (West 1992).