STATE of Oklahoma, ex rel. OKLA-
HOMA BAR ASSOCIATION,
Complainant,

v.

Clayton Lee BADGER, Respondent.

SCBD No. 3895.

Supreme Court of Oklahoma.

April 6, 1993.

Dan Murdock, Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

Jack B. Sellers, Jefferson D. Sellers, Jack B. Sellers Law Associates, Inc., Sapulpa, for respondent.

LAVENDER, Vice Chief Justice.

Complainant, the Oklahoma Bar Association, by letter from the General Counsel, notified this Court respondent, Clayton Lee

Badger, a licensed attorney, was convicted by one count information in the United States District Court for the Northern District of Oklahoma of the crime of knowingly and willfully receiving and possessing firearms, to wit: one HK MP5SD machinegun, caliber 9 mm and one silencer/suppressor, caliber 9 mm, which had previously been transferred to respondent in violation of Chapter 53, Title 26, United States Code, in that no transfer tax had been paid as required by 26 U.S.C. § 5811, in violation of 26 U.S.C. § 5861(b). Respondent's sentence was three years probation and a $4,000.00 fine.

We ordered the parties to file simultaneous briefs on whether the conviction facially showed respondent's unfitness to practice law. Rule 7.1–7.7, 5 O.S.1991, Ch. 1, App. 1–A, as amended, requires us to issue an order of interim suspension from the practice of law only when the crime for which respondent stands convicted facially demonstrates unfitness to practice law. *See State ex rel. Oklahoma Bar Association v. Armstrong,* 791 P.2d 815, 818 (Okla.1990) (conviction of some crimes will facially show unfitness to practice law, while others will not). Respondent filed a brief requesting dismissal, arguing the conviction does not facially show unfitness to practice law. Instead of filing a response complainant filed an application for remand to proceed pursuant to Rule 6, Rules Governing Disciplinary Proceedings.[1] After reviewing the submissions of the parties we defer ruling on whether conviction of the instant crime shows unfitness to practice law. We refer the matter to a trial panel of the Professional Responsibility Tribunal (PRT) for a hearing to consider the conviction in light of the surrounding circumstances, as shown by evidence presented to the panel and for the filing of a

report and recommendation with this Court on whether the conviction demonstrates respondent's unfitness to practice law.

As noted above, we have recognized in Rule 7 proceedings brought before us only certain crimes will facially demonstrate the lawyer's unfitness to practice law, while others will not. *Armstrong, supra,* 791 P.2d at 818. When conviction of a crime facially demonstrates unfitness interim suspension issues pursuant to Rule 7.3. When the conviction does not facially demonstrate unfitness normally two options are available. We may refer to a trial panel of the PRT for a hearing, report and recommendation as to whether the circumstances surrounding the offense demonstrate unfitness and, if so, the discipline to be imposed. This option was followed in *Armstrong,* 791 P.2d at 818–819. Another option is to dismiss the proceeding. In our view, a referral to the PRT is preferable here.

Under the predecessor rules concerning summary-type discipline for conviction of a crime we considered it important whether or not the crime involved required some form of wilful or knowing intent. *State ex rel. Oklahoma Bar Association v. Jones,* 566 P.2d 130, 132 (Okla.1977) (no willful intent required for conviction of reporting violation of federal election campaign laws); *See also State ex rel. Oklahoma Bar Association v. Simms,* 590 P.2d 184 (Okla.1978) (willfully subscribing to false tax returns). In *Armstrong* we were of the view offenses such as those involving violence, dishonesty, breach of trust or serious interference with the administration of justice would facially show unfitness, while crimes such as adultery or driving while intoxicated do not facially show unfitness to practice law. 791 P.2d at 818.

1. In the application complainant requested we remand to the Professional Responsibility Commission of the Oklahoma Bar Association or in the alternative, stay these proceedings pending the institution of disciplinary proceedings pursuant to Rule 6.1–6.16 of the Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A, as amended. It also requested if we denied such relief that it be granted ten days to respond to our order directing briefs on whether conviction of the crime involved facially showed unfitness to practice law. In that we refer this

matter to a trial panel of the Professional Responsibility Tribunal (PRT) for a hearing and recommendation under the authority of *State ex rel. Oklahoma Bar Association v. Armstrong,* 791 P.2d 815 (Okla.1990), we deem it unnecessary to rule on complainant's application. We note, however, the pendency of this Rule 7 proceeding and our referral of it to the PRT does not foreclose other appropriate disciplinary proceedings being instituted against respondent, including those governed by Rule 6.

Section 5861(b) is a part of the federal taxing statutes. Violation of the provision does not require any specific intent or knowledge on the part of the transferee the firearm(s) were somehow transferred in violation of the law. *United States v. Freed,* 401 U.S. 601, 607, 91 S.Ct. 1112, 1117, 28 L.Ed.2d 356 (1971); *United States v. Sedigh,* 658 F.2d 1010, 1012 (5th Cir.1981) (for conviction, no requirement the transferee had specific intent or knowledge the firearms were unregistered). Although there is at a minimum a requirement an individual charged with a crime like that involved here did have knowledge he possessed a firearm or weapon, either as the term firearm is understood in its general sense or as the term firearm is defined by pertinent federal law such that one would be alerted to the likelihood of regulation[2] we do not believe such a knowledge requirement transforms the instant crime into one which facially shows unfitness to practice law. Clearly, the instant crime, possession of a firearm where no transfer tax has been paid, cannot be facially equated with those recognized in *Armstrong* as facially showing unfitness, such as crimes involving violence, dishonesty, breach of trust or serious interference with the administration of justice. We, thus, do not believe immediate suspension from the practice of law is warranted.

However, we cannot say as a matter of law this crime, involving the possession of a *machinegun and silencer* is one involving only innocent behavior. A recent case from the United States Court of Appeals for the Tenth Circuit tends to show the machinegun possessed by respondent *may* have been a prohibited item that could not itself be lawfully possessed notwithstanding any failure to pay a transfer tax. *United States v. Dalton,* 960 F.2d 121 (10th Cir.1992). *Dalton,* in part, concerned the interplay of 18 U.S.C. § 922(*o* ), a federal provision outlawing the possession, with certain exceptions, of machineguns and a provision under § 5861 (possession of an unregistered machinegun).[3] Further, in that respondent now stands convicted of a federal crime we believe it is appropriate to inquire into the *purpose* for which he took possession of the weapon(s). The purpose may have been innocent, it may not have been; that is something which may be inquired into by the PRT.[4]

Accordingly, for the reasons set forth we **DENY RESPONDENT'S REQUEST FOR DISMISSAL WITHOUT PREJUDICE and we REFER TO A TRIAL PANEL OF THE PROFESSIONAL RESPONSIBILITY TRIBUNAL FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.** The report and recommendation(s) of the PRT shall

2. There is a dispute among the federal circuit Courts of Appeal concerning whether for a conviction of the type of crime involved the government is required to prove for conviction *only,* knowledge that one possesses a firearm, as the term firearm is used in its ordinary sense, notwithstanding the individual's lack of knowledge of the particular characteristics of the weapon which makes it subject to the strictures of federal law [*United States v. Staples,* 971 F.2d 608, 617–620 (10th Cir.1992) (Ebel, J., concurring)] or whether the individual must instead have knowledge he possesses a weapon having the particular characteristics of a firearm, as the term firearm is defined by federal law. *United States v. Ross,* 917 F.2d 997, 1001–1004 (7th Cir.1990) (Manion, J., dissenting). Not all firearms are covered by the provisions of § 5861. *United States v. Ross,* 917 F.2d at 999.

3. We wish to make explicit we do *not* rule here respondent's possession of the machinegun and silencer were unlawful under § 922(*o* ) or would have supported conviction under that provision or under any other law. However, the items *may* have been outright unlawful to possess. The potential unlawfulness of mere possession of the

weapon(s) is something which should be considered by the PRT in hearing the matter upon our referral.

4. We also note in the past we have immediately suspended an attorney in a Rule 7 proceeding involving § 5861. *State ex rel. Oklahoma Bar Association v. Floyd,* 812 P.2d 378 (Okla.1991). Our disposition there provides an additional reason why we do not believe it would be appropriate to dismiss the Rule 7 proceeding completely at this time. However, the situation in *Floyd* is distinguishable from that involved here so that we do not believe *Floyd* requires us to immediately suspend respondent in this case. In *Floyd* the respondent was convicted of *both* possession of an unregistered firearm in violation of § 5861(d) and *transfer* of an unregistered firearm. *Id.* at 379. *Floyd* also failed to respond *at all* in the Rule 7 proceeding. *Id.* Here, respondent was not convicted of transferring firearms to anyone, but only possessing a firearm without a transfer tax having been paid and he did respond in these proceedings.

conform to and be filed in accordance with 5 O.S.1991, Ch. 1, App. 1–A, Rule 6.13.[5]

All Justices concur.

**5.** We note, although it appears respondent's conviction has become final without an appeal, complainant has not definitively informed us of such. The report of the PRT shall contain information concerning the finality of respondent's conviction.