2013 OK 42

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Christopher Mark COOLEY, Respondent.**

**SCBD No. 5987.**

Supreme Court of Oklahoma.

June 25, 2013.

TAYLOR, J.

¶1 The Rules Governing Disciplinary Proceedings, 5 O.S.2011, ch. 1, app. 1–A (RGDP), prescribe a summary disciplinary proceeding for immediate suspension of a lawyer's license to practice law and final discipline of a "lawyer who has been convicted or has tendered a plea of guilty or nolo contendere pursuant to a deferred sentence plea agreement in any jurisdiction of a crime which demonstrates such lawyer's unfitness to practice law." *Id.*, Rule 7.1. According to Rule 7.2, the summary disciplinary proceeding is to be initiated by the filing of certified copies of the indictment or information, the judgment and sentence on a plea of guilty, and the order deferring judgment and sentence or the judgment and sentence of conviction. The certified copies are to be transmitted to the Chief Justice of the Supreme Court within five days after the sentencing or deferring of sentence. The certified copies are conclusive evidence of the commission of the crime and constitute the charge and suffice as the basis for discipline. *Id.*, Rule 7.2.

¶2 Two basic issues are addressed in a summary disciplinary proceeding: 1) does the conviction demonstrate the lawyer's unfitness to practice law, and if so, 2) what is the appropriate discipline to be imposed. Under Rule 7.3, this Court initially decides that the crime facially demonstrates the lawyer's unfitness to practice law when it issues the immediate suspension order. The immediate suspension order under Rule 7.3 must allow the lawyer an opportunity to show cause, if any he or she has, why the order should be set aside. If the lawyer responds to the show cause order, this Court may set aside the suspension order 1) upon a showing that the crime does not demonstrate the lawyer's unfitness to practice law or 2) if with due regard for maintaining the integrity of and confidence in the legal profession, it appears to be in the interest of justice. In setting aside the immediate suspension order, this Court may dismiss the Rule 7 summary disciplinary proceeding or send the matter to the OBA for a hearing before a Professional Responsibility Tribunal upon the lawyer's response to the show cause order.

¶3 Unless this Court decides that the crime does not demonstrate the lawyer's unfitness to practice law, this Court will proceed to determine the appropriate final discipline to be imposed. Under Rule 7.4, the General Counsel of the Oklahoma Bar Association (OBA) is required to inform the Chief Justice when the conviction becomes final without appeal; and thereupon, the Court will order the lawyer to show cause in writing why a final order of discipline should not be made. Rule 7.4 allows the parties to submit evidence, argument and authority, and recommendations on the appropriate discipline:

> The written return of the lawyer must be verified and expressly state whether a hearing is desired. The lawyer may, in the interest of explaining the criminal conduct or by way of mitigating the discipline to be imposed, submit a brief and/or any evidence tending to mitigate the severity of discipline. The General Counsel may respond by submission of a brief and/or any evidence supporting [the] recommendation of discipline.

¶4 In a Rule 7 summary disciplinary proceeding, as in other disciplinary proceedings, this Court exercises exclusive original jurisdiction to carry out its nondelegable responsibility to discipline lawyers and to regulate the practice of law as may be necessary to safeguard the interests of the public, the judiciary, and the legal profession. *State ex rel. Oklahoma Bar Association v. Shofner*, 2002 OK 84, ¶5, 60 P.3d 1024, 1026. This Court considers de novo every aspect of a disciplinary inquiry. *State ex rel. Oklahoma Bar Association v. Livshee*, 1994 OK 12, ¶5, 870 P.2d 770, 773.

## I. Facts and Circumstances

¶5 Christopher Mark Cooley (Cooley) became a member of the OBA on April 16, 2009. Cooley's OBA member number is 22400, and his official roster address is 7776 W. Rogers Blvd., Skiatook, Oklahoma 74070.

¶6 On July 19, 2011, Cooley pawned a Taurus pistol claiming he had owned the

pistol for at least one year even though he knew the pistol had been stolen just six months earlier in February of 2011. On March 14, 2012, the district attorney caused an information to be filed charging Cooley with the crime of False Declaration of Ownership, pursuant to 59 O.S.2011, § 1512, in cause numbered CF–2012–1107 in the District Court in Tulsa County, Oklahoma. On February 13, 2013, Cooley entered a plea of guilty to the crime of False Declaration of Ownership, and the District Court deferred the sentencing date for a period of five years until February 5, 2018.

¶ 7 On December 20, 2012, Cooley identified himself as Mark Steven Mitchell to avoid arrest on an outstanding felony warrant. On December 27, 2012, the district attorney caused an information to be filed charging Cooley with the crime of Falsely Personate Another to Create Liability, pursuant to 21 O.S.2011, § 1531.4, in cause numbered CF–2012–5863 in the District Court in Tulsa County, Oklahoma. On February 13, 2013, Cooley entered a plea of guilty to the crime of Falsely Personate Another to Create Liability, and the District Court deferred the sentencing date for a period of five years until February 5, 2018, to run concurrently with the deferred sentencing in CF–2012–1107.

¶ 8 On April 5, 2013, the OBA furnished the Chief Justice with certified copies of the informations, pleas of guilty, and orders of deferred felony sentencing filed in CF–2012–1107 and CF–2012–5863 before the District Court in Tulsa County. The OBA submitted the certified copies as the basis for an immediate order of suspension from the practice of law pursuant to Rules 7.1 and 7.2 of the RGDP.

¶ 9 On April 15, 2013, this Court entered an order immediately suspending Cooley from the practice of law; allowing Cooley to show cause, on or before April 26, 2013, why the order of interim suspension should be set aside; and allowing the OBA to respond to Cooley's show-cause filing on or before May 7, 2013, in accordance with Rule 7.3 of the RGDP. This Court's order also allowed Cooley to show cause why final discipline should not be imposed, to request a hearing, and to submit a brief and evidence to mitigate the severity of the discipline on or before May 6, 2013, and allowed the OBA to respond to Cooley's filings on or before May 21, 2013, in accordance with Rule 7.4 of the RGDP.

¶ 10 Cooley did not submit a show-cause filing to challenge the immediate suspension order nor did he request a hearing or offer evidence and argument to mitigate the severity of the discipline. The OBA did not submit any further filing and made no recommendation of discipline.

## II. Unfitness to Practice Law under Rule 7.1

¶ 11 Implicit in the April 15, 2013 Order of Immediate Interim Suspension is our decision that at least one, if not both, of the crimes committed by Cooley facially demonstrates his unfitness to practice law. However, we must again consider Cooley's criminal conduct in determining the appropriate final discipline. The illegal conduct of falsely declaring ownership of property and impersonating another, which Cooley pleaded guilty to, both involve intentional dishonesty for personal gain. Rule 8.4(b)and (c)[1] of the Rules of Professional Conduct, 5 O.S.2011, ch.1, app.3–A, define professional misconduct of a lawyer to include the commission of "a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects" and to include

---

1. Rule 8.4, in its entirety, reads:
   It is professional misconduct for a lawyer to:
   (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
   (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
   (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

   (d) engage in conduct that is prejudicial to the administration of justice;
   (e) state or imply an ability to influence improperly a government agency or official or to achieve results by means that violate the Rules of Professional Conduct or other law; or
   (f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law.

"conduct involving dishonesty, fraud, deceit or misrepresentation."

¶ 12 Every criminal conviction does not facially demonstrate the lawyer's unfitness to practice law. In *State ex rel. Oklahoma Bar Association v. Armstrong*, 1990 OK 9, ¶ 8, 791 P.2d 815, 818, this Court recognized that a lawyer's conviction of some crimes will, by itself, demonstrate such lawyer's unfitness to practice law, while a lawyer's conviction of other crimes will not facially demonstrate the lawyer's unfitness to practice law, quoting the Comment to Rule 8.4 of the Rules of Professional Conduct. The language relied upon in *Armstrong* is now found in Comment [2] to Rule 8.4 of the Rules of Professional Conduct, 5 O.S.2011, ch.1, app. 3–A:

[2] Many kinds of illegal conduct reflect adversely on fitness to practice law, such as offenses involving fraud and the offense of willful failure to file an income tax return. However, some kinds of offense carry no such implication. Traditionally, the distinction was drawn in terms of offenses involving "moral turpitude." That concept can be construed to include offenses concerning some matters of personal morality, such as adultery and comparable offenses, that have no specific connection to fitness for the practice of law. Although a lawyer is personally answerable to the entire criminal law, a lawyer should be professionally answerable only for offenses that indicate lack of those characteristics relevant to law practice. Offenses involving violence, dishonesty, breach of trust, or serious interference with the administration of justice are in that category. A pattern of repeated offenses, even ones of minor significance when considered separately, can indicate indifference to legal obligation.

¶ 13 *Armstrong* teaches that offenses involving violence, dishonesty, breach of trust, or serious interference with the administration of justice facially demonstrate a lawyer's unfitness to practice law for purposes of a Rule 7 summary disciplinary proceeding. *Armstrong* also teaches that a conviction for a felony crime of driving under the influence (DUI) does not facially demonstrate unfitness to practice law and that the issue should

be referred for a hearing and report on whether the circumstances surrounding the DUI offense warranted discipline and if so, a recommendation as to the appropriate discipline. *Armstrong*, 1990 OK 9, at ¶ 10, 791 P.2d at 818. *Armstrong* referred the discipline issue for a hearing before a Professional Responsibility Tribunal (PRT). The PRT reported to this Court, recommending that Armstrong should not be disciplined. The OBA argued that whenever a lawyer is convicted of a felony the Bench and Bar are brought into disrepute and the lawyer should be disciplined. *State ex rel. Oklahoma Bar Association v. Armstrong*, 1992 OK 79, ¶ 3, 848 P.2d 538, 539 (*Armstrong II* ). The Court in *Armstrong II* recognized that when a lawyer is convicted of a felony, the OBA may bring disciplinary proceedings under Rule 6 or Rule 7 of the RGDP. *Armstrong II* refused to find that each and every felony conviction facially demonstrates the lawyer's unfitness to practice law for purposes of a Rule 7 summary disciplinary proceeding and denied the OBA's request for final discipline.

¶ 14 *Armstrong* and *Armstrong II* have guided our *de novo* consideration in Rule 7 summary disciplinary proceedings. In *State ex rel. Oklahoma Bar Association v. Badger*, 1993 OK 43, ¶¶ 5 and 6, 901 P.2d 790, 792, we refused immediate suspension observing that the crime of possession of a firearm where no federal transfer tax has been paid is not similar to those recognized in *Armstrong* as facially showing unfitness to practice of law. In *State ex rel. Oklahoma Bar Association v. Livshee*, 1994 OK 12, ¶ 8, 870 P.2d 770, 775, we decided that a lawyer's willful failure to file an income tax return demonstrates an unfitness to practice law within the meaning of Rule 7.1. In *State ex rel. Oklahoma Bar Association v. Shofner*, 2002 OK 84, 60 P.3d 1024, the lawyer was involved in fraudulently concealing assets in the client's bankruptcy from the appointed trustees and from the creditors, including the Internal Revenue Service, and was convicted of the federal felony crime of conspiracy. In *Shofner*, we said there was no question that the crime facially showed the lawyer's unfitness to practice law because the information showed the lawyer was an active participant in the fraudulent, deceitful conduct. 2002 OK 84 at

¶ 7, 60 P.3d at 1026–1027. In *State ex rel. Oklahoma Bar Association v. McBride*, 2007 OK 91, ¶ 13, 175 P.3d 379, 386, the Rule 7 allegations were dismissed because there was no evidence that the DUI convictions adversely affected the lawyer's fitness to practice law.

¶ 15 Here, Cooley pawned a pistol he knew had been stolen six months earlier and he falsely identified himself to avoid arrest on a felony warrant. Cooley's illegal conduct was intentionally dishonest and willfully deceitful. Cooley's criminal conduct is squarely within the offenses described in *Armstrong* that involve dishonesty and serious interference with the administration of justice. Clearly, it is appropriate to discipline Cooley for his misconduct.

### III. Appropriate Discipline under Rule 7.4

¶ 16 Cooley had been licensed to practice law a little over two years when he falsely declared ownership of the pistol at a pawn shop. He submitted no information to this Court to explain his intentional dishonest conduct at the pawn shop or his subsequent intentional misrepresentation of his identity to avoid arrest on a warrant. He offered no evidence or argument to show mitigating circumstances for our consideration. Even so, we find the certified copies of the informations, pleas of guilty, and orders of deferred felony sentencing filed in CF–2012–1107 and CF–2012–5863 before the District Court in Tulsa County, Oklahoma, are sufficient for this Court to impose final discipline pursuant to Rules 7.1 through 7.4 of the RGDP.

¶ 17 Cooley's guilty pleas to felonies involving intentional dishonesty for personal gain facially demonstrate his unfitness to practice law. Under these circumstances, an appropriate final discipline is suspension from the practice of law for the duration of the deferred sentencing. If Cooley successfully completes the terms of the deferred sentencing and on Feburary 5, 2018, the criminal charges are dismissed with prejudice, Cooley may seek reinstatement of his license to practice law pursuant to Rule 11 of the RGDP. Cooley is directed to give notice to all clients of his suspension and inability to represent them pursuant to Rule 9.1 of the RGDP.

### RESPONDENT SUSPENDED FROM THE PRACTICE OF LAW UNTIL FEBRUARY 6, 2018.

COLBERT, C.J., REIF, V.C.J., and WATT, WINCHESTER, EDMONDSON, TAYLOR, COMBS, and GURICH, JJ., concur.

KAUGER, J., concurs in result.