OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. IJAMS

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. IJAMS
2014 OK 93
Case Number: SCBD-6154
Decided: 11/12/2014
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2014 OK 93, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

STATE OF OKLAHOMA, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
CLAYTON D. IJAMS, JR., Respondent.

BAR DISCIPLINARY PROCEEDING

¶0 On June 30, 2014, Clayton D. Ijams, Jr. entered pleas to four (4) misdemeanor counts in Tulsa County District Court, CF-2013-2067. This Court entered an order of Interim Suspension, pursuant to Rule 7 of the Rules Governing Disciplinary Proceedings, on July 15, 2014. The matter is before the Court for imposition of a final order of discipline.

RESPONDENT IS SUSPENDED FROM THE PRACTICE OF 
LAW UNTIL DECEMBER 23, 2015, AND ORDERED TO PAY
COSTS.

Gina L. Hendryx, General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for the Complainant.
Allen M. Smallwood, Tulsa, Oklahoma, for the Respondent.

EDMONDSON, J.

¶1 This matter is before the Court for imposition of final discipline pursuant to Rule 7, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S. 2011, Ch. 1, App. 1-A. Clayton D. Ijams, Jr. (Respondent) was admitted to the Oklahoma Bar Association on September 27, 2005. His OBA number is 20738 and his official roster address is 1228 S. Oswego Avenue, Tulsa, Oklahoma 74112.

¶2 On April 29, 2013, the Respondent drove to the home of his former spouse, let himself into the home and began talking about his sadness over their divorce. An argument arose about a bicycle in the garage and a struggle ensued that caused a superficial injury to the his former spouse's leg. Neighbors called the police about the loud voices and Ijams fled on foot when police cars began arriving in the neighborhood. He later returned and drove away, followed by the Tulsa Police Department. He refused to pull his vehicle over when requested and led the police on a high-speed chase. The officers used spike strips to slow the Respondent's vehicle. He left his vehicle and began to run from the police. He was apprehended by and resisted a canine police officer.[1] He was arrested, treated at a hospital for dog bites and then taken to the Tulsa County jail.

¶3 On June 30, 2014, the Respondent entered pleas to and was sentenced on four (4) misdemeanor counts in Tulsa County District Court, CF-2013-2067, State of Oklahoma v. Clayton D. Ijams, Jr.:

Count Two - Eluding a Police Officer. Guilty plea entered; sentence deferred until December 23, 2015;

Count Four: DUI Alcohol. Guilty plea entered; sentenced to one year suspended, with fines, public service and seven (7) weekends spent in the custody of the Tulsa County Jail. The suspended sentence is to run consecutive to Count Two and concurrent with Count Six.

Count Five: Operating a Vehicle with Defective Equipment or Unsafe Condition - guilty plea entered; Fine of $100.00 imposed.

Count Six: Obstructing a Police Officer (K9); plea of nolo contendere; sentenced deferred until December 23, 2015.

The Tulsa County Court Clerk forwarded documentation to this Court pursuant to Rule 7, and we entered an order of interim suspension on July 15, 2014.[2] The Respondent was given an opportunity to show cause why the order of interim suspension should be lifted, but did not object to the suspension.

¶4 The order of interim suspension gave the Respondent until August 18, 2014, to show cause in writing why a final order of discipline should not be entered and gave him the opportunity to request a hearing or to file a brief with any evidence tending to mitigate the severity of discipline. On August 14, 2014, the Respondent, represented by counsel, filed a brief with the Court in which he readily admits and acknowledges the wrongfulness of his actions based upon excessive alcohol use and accepts full responsibility. He does not challenge the implicit finding that his crimes facially demonstrate his unfitness to practice law and he does not seek a hearing before the Professional Responsibility Tribunal. He offers evidence in mitigation and requests the Court to impose an appropriate and fair discipline to protect the public and deter like conduct of other lawyers. Considering other cases in similar situations, the Respondent urges the Court to impose a suspension of no longer than 18 months, or no longer that December 23, 2015, the length of his probationary sentence.

¶5 The Oklahoma Bar Association (Bar) recommends to this Court that Respondent be suspended from the practice of law for a period of eighteen (18) months from the date of his interim suspension. The Bar notes the mitigating evidence submitted and states that there have not been any client complaints or reports from judges regarding his practice of law. The Bar observed that the Respondent sought treatment and continues to work on his sobriety through Alcoholics Anonymous.

¶6 Rule 7.2, RGDP, provides that a certified copy of a plea of guilty, an order deferring judgment and sentence, or information and judgment and sentence of conviction shall constitute the charge and be conclusive evidence of commission of the crime upon which the judgment and sentence is based and shall suffice as the basis for discipline in accordance with the Rules. The Respondent admits that his conduct violates Rule 8.4(b) of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S. 2011 Ch. 1, App. 3-A, and Rule 1.3, RGDP.[3] In mitigation, the Respondent offers a letter evidencing completion of inpatient rehabilitation treatment from Valley Hope Alcohol and Drug Treatment Center from May 20, 2013, to June 14, 2013. He attends AA meetings regularly. He agreed to cooperate with the Wagoner County District Attorney's office in completing eighty (80) hours of public service making presentations to lawyers, high school students and other groups about his experience. The Respondent has no criminal history and has never been arrested before this. He has not been previously disciplined. He submits letters of support from his ex-wife, the Deputy Chief Public Defender and an Assistant Public Defender who worked with him at the Tulsa County Public Defender's office, two former colleagues, his minister, two AA members and from Tulsa County District Judge William C. Kellough. All reflect highly on the Respondent's character and work ethic. The statement made by his former spouse indicates that his conduct was an isolated event, out of character and fueled by alcohol abuse. We find that the record presented is sufficient to form the basis for discipline.

¶7 The basis for imposing discipline having been established , we turn to our duty in misconduct cases to independently determine the proper discipline to be imposed. Factors we consider include the deterrent effect upon both the offending lawyer and other attorneys who might contemplate similar conduct. We compare the circumstances with previous disciplinary matters and we examine an attorney's past record of professional behavior. We consider mitigating circumstances as well. While discipline should be administered fairly, it will not be the same in all cases. Each disciplinary matter will be decided on a case-by-case basis because each situation will differ. See State ex rel Okla. Bar Ass'n v. Rozin, 1991 OK 132, 824 P.2d 1127, 1130. 

¶8 Substance abuse may be considered as a mitigating factor in determining professional misconduct, but it does not shield the attorney from being held accountable. State ex rel. Oklahoma Bar Association v. Doris, 1999 OK 94 ¶ 39, 991 P.2d 1015. This Court has recognized that when a lawyer recognizes the adverse effect of his substance abuse and cooperates in the treatment for it, discipline may be mitigated. State ex rel. Oklahoma Bar Association v. Giger, 2001 OK 96, 37 P.3d 856. In other matters we have considered the length of the sentence in arriving at the appropriate period of suspension to be imposed.

¶9 In State ex rel. Okla.Bar Ass'n v. Cooley, 2013 OK 42, 304 P.3d 453, Cooley entered guilty pleas on two felony charges involving intentional dishonesty for personal gain. We imposed suspension from the practice of law until February 6, 2018, the terms of the deferred sentences. Cooley did not file anything with the Court; he did not submit any information to explain his conduct or his subsequent misrepresentation of identity to avoid arrest on a felony warrant. He offered no mitigating circumstances for our consideration. We emphasized that his illegal conduct was intentionally dishonest, willfully deceitful and seriously interfered with the administration of justice.

¶10 In State of Oklahoma ex rel. Okla. Bar Ass'n v. Bernhardt, 2014 OK 20, 323 P.3d 222, Bernhardt, a non-practicing attorney, pled guilty to the felony crimes of Driving While Under the Influence and Aggravated Attempting to Elude a Police Officer and to the misdemeanor crime of Transportation of an Open Container. Bernhardt was subject to a deferred sentence until October 20, 2018. After a hearing, the Professional Responsibility Tribunal (PRT) recommended that Bernhardt be placed on a deferred suspension of a maximum of two years and one day, subject to certain probationary rules. Bernhardt maintained his law license, but had not practiced law in more than 15 years and had no intention of returning to the practice of law. No clients were or could have been adversely affected by his conduct. He had a reputation for being honest, highly ethical and law-abiding except when using alcohol. We agreed with the PRT recommendation and imposed a deferred suspension of two years and one day, subject to compliance with the terms of his probation. At the end of the probationary period, if Bernhardt has not violated the terms of his probation, the suspension will be dismissed; if he violates those terms, the General Counsel shall immediately notify the Court and the suspension of two years and one day will be imposed, to commence on the date of the violation.

¶11 In State ex rel. Okla. Bar Ass'n v. Burns, 2006 OK 75, 145 P.3d 1088, Burns was charged with felonies for driving a motor vehicle while under the influence of alcohol on two occasions and for transporting an open container of liquor during the second arrest. He entered blind pleas of guilty to two felony counts of DUI and was sentenced to a term of three years, to run concurrently, all suspended. He was directed to comply with rules and conditions of probation regarding inpatient treatment and attendance at AA meetings, as well as submit to monthly urinalysis testing, etc. In mitigation, he had abstained from alcohol for more than one year, he expressed remorse for his actions and accepted responsibility for his actions. No clients were injured by his conduct. We suspended Burns from the practice of law for six months and placed him under supervised probation for two years.

¶12 In the present matter the Respondent sought treatment and has followed up his treatment by attending Alcoholics Anonymous in order to maintain his sobriety. No clients were harmed by his conduct and he has recognized the seriousness of his actions and is remorseful for the disrepute it brought upon the legal profession. The Cooley and Bernhardt and Burns cases involved felony sentences; the Respondent is serving deferred and suspended sentences for misdemeanor violations. Each of these cases concerns the discipline of a lawyer whose conduct outside the setting of his professional practice brought disrepute and harmed the public image of the profession.[4]

¶13 We have stated that a fit factor to consider in arriving at appropriate discipline is the deterrent effect upon both the offending lawyer and other attorneys who might contemplate similar conduct in the future. State ex rel. Oklahoma Bar Association v. Doris, 1999 OK 94, 991 P.2d 1015, 1025. We believe the goals established by this Court would be met by suspending the Respondent from the practice of law until December 23, 2015, the end of the deferred sentences. The Respondent also shall pay the costs of $7.61 advanced by the Bar in this matter within ninety (90) days.

RESPONDENT IS SUSPENDED FROM THE PRACTICE OF
LAW UNTIL DECEMBER 23, 2015, AND ORDERED TO PAY 
COSTS.

ALL JUSTICES CONCUR.

FOOTNOTES

[1] The factual summary is taken from the Complainant's response brief filed August 27, 2014. In his response on January 30, 2013, to the Bar grievance filed against him, Respondent stated that he did not kick the German shepherd dog. Complainant's Exhibit B. The Respondent pled nolo contendere to the charge of obstructing a K9 police officer.

[2] Rule 7.3, RGDP, provides that upon receipt by this Court of certified copies of judgment and sentence establishing that a lawyer has been convicted of a crime that demonstrates the lawyer's unfitness to practice law, the court shall immediately suspend the lawyer from the practice of law until further order. In its order of suspension the Court shall direct the lawyer to appear at a time certain, to show cause, if any he has, why the order of suspension should be set aside.

[3] Rule 8.4(b) provides that it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects. Rule 1.3 provides that the commission by any lawyer of any act contrary to prescribed standards of conduct, whether in the course of his professional capacity, or otherwise, which act would reasonably be found to bring discredit upon the legal profession, shall be grounds for disciplinary action, whether or not the act is a felony or misdemeanor or a crime at all.

[4] State ex rel. Okla. Bar Ass'n v. Burns, 2006 OK 75 ¶ 24, 145 P.3d 1088.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1991 OK 132, 824 P.2d 1127, 62 OBJ 3769, State ex rel. Oklahoma Bar Ass'n v. Rozin
Discussed
 2001 OK 96, 37 P.3d 856, 72 OBJ 3401, STATE ex. rel. OKLAHOMA BAR ASSOCIATION v. GIGER
Discussed
 2006 OK 75, 145 P.3d 1088, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. BURNS
Discussed at Length
 2013 OK 42, 304 P.3d 453, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. COOLEY
Discussed
 2014 OK 20, 323 P.3d 222, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. BERNHARDT
Discussed
 1999 OK 94, 991 P.2d 1015, 70 OBJ 3622, State ex. rel. Oklahoma Bar Association v. Doris
Discussed at Length