2017 OK 28

**STATE of Oklahoma EX REL. OKLA-
HOMA BAR ASSOCIATION,
Complainant,**

v.

**John Marshall HUNT, Respondent.**

**Case Number: SCBD-6365**

Supreme Court of Oklahoma.

Decided: 04/11/2017

Tommy Humphries, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.

Larry G. Cassil, Jr., PLLC, Hornbeek, Vitali, & Braun, P.L.L.C., Oklahoma City, Oklahoma, for Respondent.

## MEMORANDUM OPINION

EDMONDSON, J.

¶1 The matter is before the Court in a Rule 7 disciplinary proceeding on a request for imposition of final professional discipline. We previously entered an order of interim suspension. After review of the record before us we conclude that interim suspension should be vacated and the appropriate discipline is a public censure.

¶2 Respondent, a lawyer, pled guilty in the District Court of Cleveland County to the felony crime of driving a motor vehicle while under the influence of alcohol, after a plea in another matter for the misdemeanor offense of operating a motor vehicle under the influence of alcohol. This Court entered an interim order suspending respondent's license to practice law on February 16, 2016. Respondent waived his right to contest the interim suspension. Respondent then filed an unopposed motion to continue this Rule 7 disciplinary proceeding pending respondent's completion of drug court rehabilitation and

resolution of the District Court criminal case. This Court granted the motion to continue the proceeding. Approximately one year later, respondent filed a notice of stating he had successfully completed the drug court rehabilitation program, and the criminal misdemeanor and felony charges have been dismissed.

¶3 The Court ordered respondent to show cause why final discipline should not be imposed, and to request a hearing for evidence of mitigation or file a brief on the matter. Respondent filed a brief, waived a hearing, and requested a private reprimand with vacation of the interim suspension. The Bar Association requests interim suspension be lifted and discipline imposed in the form of a public censure.

¶4 A lawyer's conduct warranting a felony charge for repeated operation of a motor vehicle while intoxicated is conduct which is subject to professional discipline in many states.[1] Rule 7.1 of the Rules Governing Disciplinary Proceedings states a conviction, or pleas of guilty or nolo contendere to "a crime which demonstrates such lawyer's unfitness to practice law" shall serve as a basis for that lawyer's professional discipline.[2] In *State ex rel. Oklahoma Bar Ass'n v. Cooley*,[3] the Court explained *State ex rel. Oklahoma Bar Ass'n v. Armstrong*,[4] and this Court's recognition that a felony conviction for driving under the influence does not, by itself, facially demonstrate unfitness to practice law.[5] However, a pattern of repeated offenses, even ones of minor significance when considered separately, can indicate indifference to legal obligation.[6]

1. Danny R. Veilleux, Annotation, *Misconduct Involving Intoxication as Ground for Disciplinary Action Against Attorney*, 1 A.L.R.5th 874 §§ 6-9 (1992 & Supp.1995) (collecting cases involving discipline of lawyers convicted of drunk driving).

2. 5 O.S.2011 Ch. 1, App. 1-A, Rules Governing Disciplinary Proceedings, Rule 7.1: "A lawyer who has been convicted or has tendered a plea of guilty or nolo contendere pursuant to a deferred sentence plea agreement in any jurisdiction of a crime which demonstrates such lawyer's unfitness to practice law, regardless of whether the conviction resulted from a plea of guilty or nolo contendere or from a verdict after trial, shall be subject to discipline as herein provided, regardless of the pendency of an appeal."

3. 2013 OK 42, 304 P.3d 453.

4. 1990 OK 9, 791 P.2d 815.

5. *Cooley*, 2013 OK 42, ¶¶ 12-13, 304 P.3d 453, 456.

6. *Cooley*, 2013 OK 42, ¶ 12, 304 P.3d at 456, quoting Comment 2 to Rule 8.4 of the Rules of Professional Conduct, 5 O.S.2011, Ch.1, app. 3-A. *See also State ex rel. Oklahoma Bar Ass'n v. Moon*, 2012 OK 77, ¶ 35, 295 P.3d 1, 12 (A conviction for driving a motor vehicle while under the influence of intoxicating liquor does not facially show a lawyer's unfitness to practice law, but a pattern of repeated offenses, even ones of minor significance when considered separately,

¶5 This Court has addressed a lawyer's professional discipline for misconduct involving alcohol, including alcohol-related driving offenses, in a handful of cases.[7] Respondent's misdemeanor alcohol-related conviction was followed by a felony alcohol-related charge less than two years later. Pursuant to Rule 7.2 of the Rules Governing Disciplinary Proceedings, Respondent's two convictions constitute conclusive evidence of the commission of crimes that may serve as the basis for professional discipline.[8] The record before us is sufficient to show professional discipline is warranted.

¶6 The Court has noted when a lawyer recognizes the adverse effect of his or her substance abuse and cooperates in the treatment for it, discipline may be mitigated.[9] When alcohol-related conduct is a basis for professional discipline the Court is particularly concerned with evidence showing the extent of the lawyer's rehabilitation.[10] The Bar Association states respondent accepted full responsibility for his actions and recognized his unfitness at the time of his conduct. The Bar notes respondent agreed with its request for an interim suspension. The Bar Association also states respondent has successfully completed the drug court program, undertaken "a specific and rigorous program" to address alcohol-related issues during his suspension, and he "makes a strong case for his immediate return to the practice of law." The Bar Association has found no evidence of a present unfitness to practice law.

¶7 The goal in professional disciplinary proceedings is not punishment, but to safeguard the interest of the public, of the courts, and of the legal profession.[11] We must

can indicate indifference to an attorney's legal obligations.).

7. See, e.g., State ex rel. Oklahoma Bar Ass'n v. Shahan, 2017 OK 10, 390 P.3d 254 (three alcohol-related misdemeanors which included a driving under the influence conviction warranted professional discipline); State ex rel. Oklahoma Bar Ass'n v. Bernhardt, 2014 OK 20, 323 P.3d 222 (felony crimes of driving while under the influence, aggravated attempting to elude a police officer, and misdemeanor crime of transporting an open container by a non-practicing lawyer; interim suspension lifted, public censure, and a deferred suspension with conditions); State ex rel. Oklahoma Bar Ass'n v. McBride, 2007 OK 91, 175 P.3d 379 (operating a motor vehicle while under the influence of alcohol with a history of alcohol-related offenses; public censure coupled with a deferred suspension); State ex rel. Oklahoma Bar Ass'n v. Burns, 2006 OK 75, 145 P.3d 1088 (lawyer suspended for six months and placed under supervised probation with conditions for two years after pleading guilty to two felony counts of driving under the influence, and after having been charged with previous alcohol-related offenses); State ex rel. Oklahoma Bar Ass'n v. Garrett, 2005 OK 91, 127 P.3d 600 (A lawyer with previous alcohol-related charges was convicted of two counts of misdemeanor sexual battery of two women on two different occasions when he was intoxicated, and court imposed a public censure and a one-year probation with conditions after lawyer's successful seventy-two-day inpatient treatment.).

8. State ex rel. Oklahoma Bar Ass'n v. Shahan, supra, note 7.
See also 5 O.S.2011 Ch. 1, App. 1-A, Rules Governing Disciplinary Proceedings, Rule 7.2: "The clerk of any court within this State in which a lawyer is convicted or as to whom proceedings are deferred shall transmit certified copies of the Judgment and Sentence on a plea of guilty, order deferring judgment and sentence, indictment or information and judgment and sentence of conviction to the Chief Justice of the Supreme Court and to the General Counsel of the Oklahoma Bar Association within five (5) days after said conviction. The documents shall also be furnished to the Chief Justice by the General Counsel within five (5) days of receiving such documents. Such documents, whether from this jurisdiction or any other jurisdiction shall constitute the charge and be conclusive evidence of the commission of the crime upon which the judgment and sentence is based and shall suffice as the basis for discipline in accordance with these rules."

9. State ex rel. Oklahoma Bar Ass'n v. Shahan, 2017 OK 10, ¶19, 390 P.3d 254, 258. See also State ex rel. Oklahoma Bar Ass'n v. Doris, 1999 OK 94, ¶39, 991 P.2d 1015, 1025 (For alcohol abuse or alcoholism to be weightily considered as a mitigating factor, the offending lawyer must recognize his or her problem and seek and cooperate in treatment.).

10. In re Reinstatement of Sanger, 2012 OK 91, ¶6, 288 P.3d 935, 938 (When considering an applicant's petition for professional reinstatement after alcohol-related misconduct conduct, the Court stated it must be particularly concerned with evidence showing the extent of applicant's rehabilitation, applicant's conduct, the treatment applicant received, and the time which has elapsed since discipline was imposed).

11. State ex rel. Oklahoma Bar Ass'n v. Albert, 2007 OK 31, ¶11, 163 P.3d 527, 532-533.

also weigh the deterrent effect upon the lawyer and the Bar.[12] Although we utilize prior decisions as a gauge for imposing equal or uniform discipline in order to avoid the vice of disparate treatment given to those being disciplined, each proceeding is unique and discipline must be determined on a case-by-case basis.[13]

¶ 8 In *State ex rel. Oklahoma Bar Ass'n v. Shahan, supra,* respondent pled guilty and no contest to the misdemeanor crimes of public intoxication, driving under the influence, and leaving scene of collision involving property damage. This Court issued an order of immediate interim suspension, and for final discipline the Court issued a public censure and noted the twelve-month deferred suspension of his license.[14]

¶ 9 In our case today, respondent's charges were an alcohol-related felony and misdemeanor involving operation of a motor vehicle. He received an interim suspension of his Bar license that has remained in effect more than thirteen months. We agree with the Bar Association a public censure is the appropriate professional discipline after he has been suspended for more than one year. No application for costs was filed by the Bar.

¶ 10 We hold the record is sufficient to show public censure is the appropriate discipline. The Order of Interim Suspension herein is hereby vacated effective on the date of this opinion. Respondent is publicly censured.

¶ 11 GURICH, V.C.J., and KAUGER, WATT, WINCHESTER, EDMONDSON, COLBERT, REIF, and WYRICK, JJ., concur.

¶ 12 COMBS, C.J., not voting.

---

12. *State ex rel. Oklahoma Bar Ass'n v. Conrady,* 2012 OK 29, ¶ 16, 275 P.3d 133, 139.

13. *State ex rel. Oklahoma Bar Ass'n v. Knight,* 2015 OK 59, ¶ 33, & n. 40, 359 P.3d 1122, 1132, citing *State ex rel. Oklahoma Bar Ass'n v. Claus-* ing, 2009 OK 74, ¶ 5, 224 P.3d 1268, 1273 and *State ex rel. Oklahoma Bar Ass'n v. Godlove,* 2013 OK 38, ¶ 22, 318 P.3d 1086, 1094.

14. 2017 OK 10, ¶ 28, 390 P.3d 254, 259.