OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. ELSEY

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. ELSEY
2023 OK 115
Case Number: SCBD-7582
Decided: 12/04/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2023 OK 115, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
JACKIE DALE ELSEY, Respondent.

ORDER APPROVING RESIGNATION 
PENDING DISCIPLINARY PROCEEDINGS

¶1 Before this Court is (1) the affidavit of Respondent Jackie Dale Elsey filed pursuant to Rule 8.1 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2021, ch. 1, app. 1-A, requesting that this Court allow him to resign his membership in the Oklahoma Bar Association (OBA) and relinquish his right to practice law, and (2) the OBA's Application for Order Approving Resignation Pending Disciplinary Proceedings.

Decision of the Court

¶2 On June 4, 2003, the OBA admitted Elsey to membership. On November 15, 2023, the OBA filed with this Court Elsey's affidavit of resignation pending disciplinary proceedings.

¶3 Elsey's affidavit of resignation reflects that (a) he freely and voluntarily rendered his resignation; (b) he was not subject to coercion or duress; and, (c) he was fully aware of the consequences of submitting his resignation.

¶4 Elsey is aware the OBA opened a grievance against him in the following matter:

DC: Grievance by General Counsel: On September 21, 2023, I was charged with Count I: Felony Driving a Motor Vehicle While Under the Influence of Alcohol and Count II: No Valid Driver's License in Craig County, Case No. CF-2023-112. This is my sixth alcohol-related offense since my admission to the Oklahoma Bar Association. State ex rel. Okla. Bar Ass'n v. Elsey, 2019 OK 81, 455 P.3d 903.

¶5 Elsey is aware that these allegations would constitute at a minimum a violation of Rule 8.4(b) of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.2021, ch. 1, app. 3-A, and Rule 1.3 of the RGDP, as well as his oath as an attorney.

¶6 Elsey's affidavit of resignation further states:

a. Elsey is aware that the OBA has the burden of proving the allegations against him, but he waives any and all rights to contest the allegations.

b. He is aware that approval of his resignation is discretionary with this Court.

c. He is familiar with and agrees to comply with Rule 9.1 of the RGDP within twenty (20) days following the date of his resignation, to comply with Rule 11 of the RGDP as a prerequisite to reinstatement, and to make no application for reinstatement prior to the expiration of five (5) years from the effective date of his resignation.

d. He acknowledges that the Client Security Fund may receive claims from his former clients and agrees to reimburse the fund for the principal amounts and statutory interest for claims which it approves and pays as a prerequisite to his reinstatement to the practice of law.

e. He acknowledges and agrees to cooperate with the Office of General Counsel in the task of identifying any active client cases wherein documents and files need to be returned or forwarded to new counsel, and in any client cases where Elsey owes fees or refunds.

f. He acknowledges that the OBA may have incurred costs in the investigation of this matter and agrees he is responsible for reimbursement of these costs.

g. He will tender his OBA membership card to the Office of the General Counsel or destroy it.

¶7 We determine the effective date of Elsey's resignation to be December 4, 2023.

¶8 This Court finds Elsey's resignation pending disciplinary proceedings is in compliance with all the requirements set forth in Rule 8.1 of the RGDP and is accepted.

¶9 Elsey's OBA number is 19727, and his official roster address, as shown by OBA records, is 36083 S 4430 Road, Vinita, Oklahoma 74301.

¶10 IT IS THEREFORE ORDERED that the OBA's Application for Order Approving Resignation is approved.

¶11 IT IS FURTHER ORDERED that Elsey's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the OBA prior to the expiration of five (5) years from the effective date of his resignation. See RGDP Rules 8.2 and 11.1.

¶12 IT IS FURTHER ORDERED that Elsey comply with Rule 9.1 of the RGDP and return all client files and refund unearned fees.

¶13 IT IS FURTHER ORDERED that as a condition of reinstatement, Elsey shall reimburse the Client Security Fund for any monies expended because of his malfeasance or nonfeasance. See RGDP Rule 11.1(b).

¶14 IT IS FURTHER ORDERED that the OBA has not sought reimbursement of costs associated with the investigation of this matter, and therefore, no reimbursement is ordered.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 4th day of December, 2023.

/S/CHIEF JUSTICE

CONCUR: KANE, C.J., ROWE, V.C.J., KAUGER, WINCHESTER, EDMONDSON, COMBS (BY SEPARATE WRITING), GURICH, DARBY, KUEHN, J.J.

 

 

COMBS, J., with whom DARBY, J., joins, specially concurring:

¶1 I specially concur in the order approving Respondent's resignation pending disciplinary proceedings. Respondent acknowledges in his affidavit that the currently pending felony DUI charge from September 21, 2023, is "[his] sixth alcohol-related offense since [his] admission to the Oklahoma Bar Association." Resp't's Aff. ¶ 4, at 2 (Nov. 10, 2023) (emphasis). Indeed, he has a long history of alcohol-related offenses--including two felony DUI convictions from 2015 and 2017 that were the subject of a prior bar disciplinary proceeding; three other DUI convictions from 2008, 2009, and 2014; and five other alcohol-related offenses from 1982, 1986, 1989, 1997, and 2000 and two additional self-reported DUI arrests while serving in the U.S. Navy that all precede his 2003 admission to the Bar. See State ex rel. OBA v. Elsey, 2019 OK 81, ¶¶ 4-9, 455 P.3d 903, 904--05. Just this past June, I expressed concern that "there [wa]s no proof of Respondent's rehabilitation" when the Bar Association informed us that he had failed to comply with certain probationary terms for random urinalysis testing and for participation in the Alcoholics Anonymous program in his previous bar disciplinary proceeding. See State ex rel. OBA v. Elsey, 2023 OK 75, ¶¶ 2, 5, 531 P.3d 1280, 1286--87 (Combs, J., dissenting). Nevertheless, a majority of this Court decided to release Respondent from further discipline or probation. See id. ¶ 20, 531 P.3d at 1285 (majority op.). Now that it's abundantly clear that Respondent's struggle with alcoholism is unabated and that his lack of respect for the law is ongoing, it is altogether appropriate that we approve his resignation.

¶2 My aim, however, in writing separately is once again to highlight the fact that this Court and the Bar Association have no business imposing probationary rules and deferring discipline. I've said it before, and I'll say it again: Mr. Elsey's disciplinary record "goes to demonstrate why this Court has no business imposing probationary rules and deferred discipline when there is no real infrastructure for monitoring an attorney's compliance. . . . I stand by my original dissent, which provided ample warnings about the perils of deferring final discipline and imposing probationary rules." Id. ¶¶ 3, 5, 531 P.3d at 1286--87. Rather than go through this circuitous path that eventually led to the right result, this Court could have done a better job protecting the public and preserving the integrity of the Bar by imposing final discipline upon Respondent in 2019. Only now--four years later--is Respondent being forced to face the consequences of his ongoing professional misconduct. How many members of the public did we unnecessarily put at risk?

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
2019 OK 81, 455 P.3d 903, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. ELSEY
Discussed at Length

 
2023 OK 75, 531 P.3d 1280, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. ELSEY
Discussed

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA