OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. GIES

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. GIES
2025 OK 59
Case Number: 7780
Decided: 09/23/2025
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2025 OK 59, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

STATE OF OKLAHOMA, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
CASSITY B. GIES, Respondent.

BAR DISCIPLINARY PROCEEDING

¶0 Cassity B. Gies entered a nolo contendere plea to one felony count of child endangerment and one misdemeanor count of driving under the influence. The Oklahoma Bar Association initiated disciplinary proceedings under Rule 7 of the Rules Governing Disciplinary Proceedings. No interim suspension was imposed, and the matter proceeded to the Professional Responsibility Tribunal. While the case was pending, Gies was also charged in municipal court with public intoxication. Following a hearing, the PRT recommended a public reprimand. We disagree and conclude the record supports suspending Gies for a period of six (6) months and assessing costs of this proceeding.

RESPONDENT SUSPENDED SIX MONTHS AND COSTS IMPOSED

Gina Hendryx, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant

Edward M. Blau and Daniel Page, Blau Law Firm, PLLC, Oklahoma City, Oklahoma, for Respondent

GURICH, J.

Facts and Procedural History

¶1 On the evening of March 7, 2024, Cassity B. Gies and her husband traveled from Oklahoma City to Tulsa for a concert, leaving their four-year-old child with a relative. The couple had planned to collect their child afterward and return home that night. During the evening, both consumed alcohol, and tensions escalated. At one point, her husband allegedly raised his arm in a threatening manner, causing Gies to feel physically intimidated. After retrieving their child, the couple stopped at a restaurant for food, leaving the child unattended in the vehicle. While inside, Gies's husband allegedly threatened physical violence, prompting Gies to leave with the child while he remained inside the establishment.

¶2 Shortly thereafter, Gies struck a curb while traveling to a hotel, flattening both driver's side tires and disabling the vehicle. Officer Justin Wolzen of the Tulsa Police Department arrived on the scene and detected the odor of alcohol in the car and on Gies. He also noted she had slurred speech and was unsteady on her feet. Although Gies cooperated with field sobriety tests, she refused to submit to a breath test. Gies did not inform law enforcement of the escalating domestic situation. She was arrested and subsequently charged in Tulsa County Case No. CF-2024-1044 with one felony count of child endangerment under 21 O.S.2021, § 852.147 O.S.2021, § 11-902

¶3 On October 7, 2024, Gies entered a no contest plea to both charges and received a three-year deferred sentence with supervised probation. As part of her probation conditions, she was prohibited from entering bars, liquor stores, or any establishment restricted to patrons over the age of 21.

¶4 On October 25, 2024, the Oklahoma Bar Association submitted a certified copy of the Order of Deferred Sentence filed in the underlying criminal case. Pursuant to Rule 7.2 of the Rules Governing Disciplinary Proceedings, 

¶5 On January 5, 2025, Gies and a friend visited two bars in Oklahoma City, where she consumed a significant amount of alcohol. 

¶6 After conducting a hearing, the PRT issued its report on May 30, 2025. It concluded that Gies's nolo contendere pleas to the criminal charges in CF-2024-1044, combined with her subsequent arrest for public intoxication while on probation, violated Rule 8.4 of the Oklahoma Rules of Professional Conduct

Standard of Review

¶7 This Court retains the sole authority to determine whether misconduct has occurred and, if so, to impose appropriate discipline, pursuant to our exclusive original jurisdiction over attorney disciplinary proceedings. State of Okla. ex rel. Okla. Bar Ass'n v. Woodward, 2022 OK 72522 P.3d 515State of Okla. ex rel. Okla. Bar Ass'n v. Drummond, 2017 OK 24393 P.3d 207State of Okla. ex rel. Okla. Bar Ass'n v. Willis, 2022 OK 15

Analysis

Gies's actions amounted to professional misconduct under the ORCP and RGDP.

¶8 Rule 7 establishes a summary process for initiating disciplinary action when an attorney "has been convicted or has tendered a plea of guilty or nolo contendere pursuant to a deferred sentence plea agreement in any jurisdiction of a crime which demonstrates such lawyer's unfitness to practice law." RGDP Rule 7.1. The process is triggered by submission of certified copies of the conviction or deferred judgment to the Chief Justice. RGDP Rule 7.2. In proceedings brought under Rule 7, a deferred sentence constitutes conclusive evidence that the attorney committed the underlying criminal conduct. State of Okla. ex rel. Okla. Bar Ass'n v. Dunivan, 2018 OK 101State ex rel. Okla. Bar Ass'n v. Hart, 2014 OK 96339 P.3d 895Id. ¶ 8, 339 P.3d at 898.

¶9 A criminal conviction or deferred sentence, standing alone, does not establish a violation of the ethical rules; rather, it is the nature and circumstances of the underlying offense that determine whether the attorney's conduct fails to meet professional standards. Willis, ¶ 23, 504 P.3d 1151; see also State of Okla. ex rel. Okla. Bar Ass'n v. Cooley, 2013 OK 42304 P.3d 453State of Okla. ex rel. Okla. Bar Ass'n v. Aston, 2003 OK 10181 P.3d 676State of Okla. ex rel. Okla. Bar Ass'n v. Conrady, 2012 OK 29275 P.3d 133Willis, ¶¶ 23, 26, 504 P.3d at 1151-52. In considering whether an attorney's acts or omissions carry ethical consequences, we look to ORPC Rule 8.4, which outlines the conduct that may subject a lawyer to disciplinary measures. Conrady, ¶ 7, 275 P.3d at 136. "Entering a plea of guilty or nolo contendre to a felony charge has routinely been viewed by this Court as satisfactory evidence of professional misconduct." Id. ¶ 8, 275 P.3d at 136.

¶10 We have previously held that even a single, isolated instance of criminal conduct--absent any harm to a client--may still violate Rule 8.4(b) when it places the physical safety of others at risk. For example, in State ex rel. Okla. Bar Ass'n v. Bethea, 2024 OK 33549 P.3d 1230State ex rel. Okla. Bar Ass'n v. Shahan, 2017 OK 10390 P.3d 254Id. ¶¶ 1-2, 390 P.3d at 255. Although the convictions did not affect any clients, we nevertheless found a Rule 8.4(b) violation due to the adverse impact of Shahan's criminal transgressions on the legal profession. Id. ¶ 27, 390 P.3d at 259. See also Disciplinary Counsel v. Salters, 50 N.E.3d 546, 546-47 (Ohio 2016) (finding attorney's guilty pleas to felony trespassing, and misdemeanor charges of driving while intoxicated and child endangerment established violations of Rule 8.4).

¶11 The facts here are no less serious. Gies pleaded nolo contendere to the felony charge of child endangerment and the misdemeanor charge of driving under the influence. Although these criminal offenses neither involve client representation nor arise directly from the practice of law, the felony charge of child endangerment reflects negatively on Gies's fitness as an attorney. Both charges together clearly constitute violations of ORPC Rule 8.4 and RGDP Rule 1.3. 

Gies's professional misconduct warrants issuing a six-month suspension.

¶12 Considering the totality of the evidence presented at the PRT hearing, our next inquiry concerns the appropriate level of discipline. While precedent offers useful guidance in calibrating attorney discipline, the ultimate determination necessarily turns on the unique facts and circumstances of each case. State ex rel. Okla. Bar Ass'n v. Townsend, 2012 OK 44277 P.3d 1269State ex rel. Okla. Bar Ass'n v. Albert, 2007 OK 31163 P.3d 527Conrady, ¶ 16, 275 P.3d at 139. In determining the appropriate measure of professional accountability, we examine the attorney's complete record of practice alongside this Court's precedent addressing comparable misconduct. State ex rel. Okla. Bar Ass'n v. Kinsey, 2009 OK 31212 P.3d 1186 Id.

¶13 To determine the appropriate level of discipline, careful consideration of the mitigating evidence presented to the PRT is warranted. First, Gies has undertaken meaningful steps to confront the personal and emotional difficulties that contributed to her misconduct. She has participated in therapy with a licensed counselor and voluntarily attended an intensive, week-long residential workshop in Scottsdale, Arizona. Second, according to Gies's credible testimony, she was subjected to a pattern of physical, verbal, and emotional abuse throughout her recent marriage. She further testified that verbal abuse and threatening behavior occurred on the night of her DUI and child endangerment arrest and were a substantial contributing factor in her decision to drive while intoxicated. 

¶14 In considering the appropriate discipline for Attorney Gies, the Court is guided by prior cases involving alcohol-related misconduct. For example, in State ex rel. Okla. Bar Ass'n v. Bethea, ¶ 2, 549 P.3d at 1232, the respondent attorney pleaded guilty to one misdemeanor count of driving under the influence and received a three-year deferred sentence. Id. ¶ 3, 549 P.3d at 1232-33. Bethea was suspended on an interim basis for nearly a year until we issued an opinion finding Bethea should receive a one-year suspension with credit for the time already served. Bethea proactively sought help from Lawyers Helping Lawyers and a professional counselor following his arrest. Id. ¶¶ 10-11. He also took accountability and expressed genuine remorse for his conduct and the harm it caused. Id. Notably, as here, no client matters were adversely affected by his misconduct. Id.

¶15 As noted previously, in State ex rel. Okla. Bar Ass'n v. Shahan, the respondent attorney pled guilty to driving under the influence, and no contest to leaving the scene of a non-injury accident resulting in property damage. Shahan, ¶ 2, 390 P.3d at 255, On the same day, Shahan pleaded guilty to a charge of public intoxication he had received just three months earlier. Id. ¶ 28, 390 P.3d at 259. See also State ex rel. Oklahoma Bar Association v. Hunt, 2017 OK 28394 P.3d 216State ex rel. Oklahoma Bar Association v. McMillen, 2017 OK 26393 P.3d 219

Conclusion

¶16 In Bethea, Shahan, Hunt and McMillen, the attorneys were each placed on an interim suspension during the pendency of disciplinary proceedings. However, Gies has not been suspended in this case. Taken together, Gies's no-contest pleas to felony child endangerment and misdemeanor DUI, along with her subsequent arrest for public intoxication, raise serious concerns. These criminal incidents also reflect poorly on the integrity of the legal profession. Yet, the discipline imposed should reflect her substantial efforts at rehabilitation, her genuine remorse, and an absence of harm to clients. In line with our prior decisions, and given the unique circumstances in this case, we conclude that a six-month suspension is the appropriate sanction. Gies shall be suspended immediately and shall cease practicing law in any capacity. Gies's six-month suspension period shall commence once she has withdrawn from all pending matters and filed an affidavit as required in RGDP Rule 9.1.

¶17 Respondent Gies is further ordered to pay the costs of these proceedings in the amount of $3,027.28, as set forth in OBA's Application to Assess Costs. This sum shall be paid within one-year of the date this opinion becomes final.

RESPONDENT SUSPENDED SIX MONTHS AND COSTS IMPOSED

CONCUR: C.J., ROWE, V.C.J., KUEHN, WINCHESTER, EDMONDSON, COMBS, GURICH, DARBY, JETT, JJ.

CONCUR IN PART, DISSENT IN PART: KANE, J.

FOOTNOTES

It is professional misconduct for a lawyer to:

(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice;

(e) state or imply an ability to influence improperly a government agency or official or to achieve results by means that violate the Rules of Professional Conduct or other law; or

(f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law.

Shahan, the accident occurred when the attorney crashed into a public utility pole, with no collision involving another vehicle and no resulting injury to third parties. Id. Mr. Shahan pleaded guilty to the public intoxication and DUI charges, but no contest to the charge of leaving the scene of a collision involving property damage. Id.

The commission by any lawyer of any act contrary to prescribed standards of conduct, whether in the course of his professional capacity, or otherwise, which act would reasonably be found to bring discredit upon the legal profession, shall be grounds for disciplinary action, whether or not the act is a felony or misdemeanor, or a crime at all. Conviction in a criminal proceeding is not a condition precedent to the imposition of discipline.

Id.

Id. ¶ 6, 390 P.3d at 256.

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105