OSCN Found Document:STATE OF OKLAHOMA ex rel. OBA v. NEWMAN

 

 
 STATE OF OKLAHOMA ex rel. OBA v. NEWMAN2026 OK 31Case Number: SCBD-7903Decided: 05/05/2026THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2026 OK 31, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
LEDGER WAYNE NEWMAN, Respondent.

BAR DISCIPLINARY PROCEEDING

¶0 In SCBD No. 7903, an attorney-discipline proceeding initiated under Rule 7 of the Rules Governing Disciplinary Proceedings, 5 O.S.2021 Ch. 1, App. 1-A (RGDP), Respondent was immediately interim suspended from the practice of law on account of a plea of no contest and an order deferring judgment entered in a criminal case in a district court for McCurtain County. Not long after the initiation of SCBD No. 7903, Complainant charged Respondent with multiple counts of professional misconduct under RGDP Rule 6 in SCBD No. 7914. The charges contain multiple allegations that Respondent neglected his clients and the Oklahoma Rules of Professional Conduct. This Court ordered the cases consolidated and announced that a joint hearing on all matters at issue in the actions will be held and a single record and trial panel report will be filed. The trial panel of the Professional Responsibility Tribunal (PRT) found clear and convincing evidence that Respondent committed professional misconduct and failed to cooperate in responding to the grievances. The PRT recommended Respondent's suspension from the practice of law for one year, to be followed by a two-year period of Bar-approved probation. Upon de novo review, we lift the order of immediate interim suspension and impose final discipline pursuant to both RGDP Rules 6 and 7.

ORDER OF IMMEDIATE INTERIM SUSPENSION LIFTED; RESPONDENT SUSPENDED FROM THE PRACTICE OF LAW FOR ONE YEAR, EFFECTIVE THE DAY THIS OPINION BECOMES FINAL

Katherine M. Ogden, Jamie Jagosh, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.

Sheila J. Naifeh, Tulsa, Oklahoma, for Respondent.

JETT, J:

¶1 Ledger Wade Newman (Newman or Respondent) is suspended from practicing law for one year for multiple instances of professional misconduct. to, felony DUI. Newman's decision to leave the scene of the collision to consume more alcohol and smoke marijuana before inevitable questioning by law enforcement demonstrates a lack of respect for the legal process and was prejudicial to the administration of justice. Newman stipulated that his conduct reflected adversely on his fitness as a lawyer, constitutes professional misconduct, and warrants the imposition of discipline.

¶2 In addition to the felony DUI offense, Newman repeatedly practiced law without the requisite diligence, failed to communicate with clients, accepted substantial fees for work he did not carry through to conclusion, and neglected to safeguard client property. This resulted in material harm to Respondent's clients, several of whom filed grievances with the Oklahoma Bar Association. Newman's actions also drew the attention of a district judge, who contacted the Bar to express concern about Newman's "failure to appear for court" and for his clients, who "do not know what services he is failing to perform on their behalf." 

¶3 The Oklahoma Supreme Court is responsible for regulating the practice of law in Oklahoma. 

¶4 Based on our de novo review of the record, we order Respondent suspended from the practice of law for one year pursuant to both RGDP Rule 6 and Rule 7.

I. RULE 7 DISCIPLINARY PROCEEDING

¶5 A lawyer who has pleaded no contest pursuant to a deferred sentence plea agreement for a crime which demonstrates unfitness to practice law is subject to professional discipline. 

A. Factual Background

¶6 On September 21, 2024, Respondent failed to slow and stop at a stoplight and collided with another vehicle in Hochatown, Oklahoma. Respondent admitted that he had consumed alcohol prior to the collision. 

¶7 After the accident, Respondent swiftly left the scene after a brief exchange of information with the other driver. 

¶ 8 Respondent was arrested and charged with criminal offenses including Driving While Under the Influence of Alcohol and Drugs, 47 O.S. § 11-902McCurtain Gazette. 

¶9 On May 12, 2025, Complainant Oklahoma Bar Association (the Bar) initiated this Rule 7 proceeding. 

¶10 Trial before the PRT was held over three days in October 2025. Following the trial, the PRT found by clear and convincing evidence that Respondent violated RGDP Rules 6 and 7. The PRT recommended that this Court suspend Respondent from the practice of law for one year and place Respondent on two years of supervised probation at the conclusion of his suspension. 

B. Analysis

¶11 In a summary disciplinary proceeding based on a lawyer pleading nolo contendere pursuant to a deferred sentence plea agreement, two basic issues are addressed: (1) does the crime that the lawyer pleaded to demonstrate the lawyer's unfitness to practice law, and if so, (2) what is the appropriate discipline to be imposed. 

¶12 This Court's prior cases have determined that a conviction for felony DUI does not automatically demonstrate unfitness to practice law. 

¶13 Thus, a pattern of alcohol-related offenses can constitute professional misconduct, 

¶14 In recent cases, we have consistently imposed discipline in cases involving DUI nolo contendere pleas or convictions, but the severity of discipline has varied based on the facts of each proceeding. For example:

 In State ex rel. OBA v. Gies, the attorney received a six-month suspension after pleading no contest to misdemeanor DUI and felony child endangerment. 
 In State ex rel. OBA v. Bethea, this Court suspended the attorney whose DUI-induced collision injured six people, including three children, for one year from the date of his interim suspension, with credit for "time served" during the interim suspension. 
 In State ex rel. OBA v. McCoy, an attorney serving as an associate district judge pleaded guilty to actual physical control of a motor vehicle under the influence of alcohol in 2021. 
 In State ex rel. OBA v. Littlefield, the Court suspended the attorney for one year from the date of the Court's interim suspension order after the attorney pleaded guilty to felony DUI, his second DUI felony and fourth DUI conviction. 
 In State ex rel. OBA v. Easley, the Court imposed a two-year deferred suspension on an attorney with five previous alcohol-related convictions. 
 In 2017, this Court issued public reprimands in three Rule 7 proceedings involving attorneys who were convicted of or pleaded guilty to DUI: State ex rel. OBA v. Hunt, 2017 OK 28394 P.3d 216State ex rel. OBA v. McMillen, 2017 OK 26393 P.3d 219State ex rel. OBA v. Shahan, 2017 OK 10390 P.3d 254

 

¶15 The circumstances surrounding Newman's DUI offense demonstrate unfitness to practice law and warrant discipline. Even though not binding on this Court, Respondent has stipulated that his unlawful conduct reflected adversely on his fitness as a lawyer and was contrary to the prescribed standards of conduct. 

¶16 The evidence in this case supports and confirms these stipulations. First, and perhaps most concerning, is the fact that Respondent chose to leave the scene of the vehicle collision with little delay to consume more alcohol and smoke marijuana. Though the record is devoid of evidence that Newman's decision to leave and consume intoxicating substances was part of an elaborate scheme to avoid a DUI charge, his actions reflect adversely on his fitness as a lawyer. As an attorney, Newman should have known that a post-collision interaction with law enforcement was imminent. Newman admits to having consumed alcohol prior to the accident, and whether Newman could lawfully operate the vehicle was contingent upon the quantum of alcohol in his bloodstream at the time of the accident. Newman should have appreciated that leaving the scene to consume alcohol and marijuana would prejudice the State's investigation of the accident and Newman's DUI offense. Newman's actions were prejudicial to the administration of justice, which is professional misconduct. It also reflects poorly on his judgment, trustworthiness, and fitness to practice law.

¶17 Second, Respondent's DUI offense arises from a vehicle collision causing personal injuries and property damage. 

¶18 Third, this is not Newman's first DUI offense. In 2016, Newman was convicted of misdemeanor aggravated DUI and sentenced to one year deferred in Cleveland County. 

¶19 We have little difficulty concluding that Respondent's DUI offense demonstrates unfitness to practice law and warrants discipline. What constitutes appropriate discipline for Respondent is more challenging because the facts of this case do not substantially align with the facts in our previous decisions. Respondent has already served an interim suspension of approximately 10 months, but we do not decide this Rule 7 case in isolation. The Bar also initiated a Rule 6 proceeding which includes evidence of professional misconduct in addition to Respondent's criminal offense. We must consider his client-related misconduct to determine proper discipline for Respondent.

 

II. RULE 6 DISCIPLINARY PROCEEDING

¶20 In response to grievances from multiple clients and a district judge's letter expressing concern about failures to appear in court and perform client services, the Bar brought a formal complaint against Respondent under RGDP Rule 6. Following a trial, the PRT determined Newman had committed professional misconduct, including numerous violations of the ORPC.

¶21 To impose discipline under Rule 6, we must find clear and convincing evidence of misconduct. 

 

A. Count I: Representation of B.F. 

¶22 Respondent engaged in professional misconduct in his representation of B.F. Respondent was retained to obtain pardons and to see those records and information relating to B.F.'s criminal convictions expunged and sealed from public view. B.F. paid Respondent a $7,750.00 retainer. After long delays and numerous (and often unanswered) client inquiries, Respondent successfully obtained pardons and expungements on B.F.'s behalf. Despite this, information relating to B.F.'s criminal convictions remained available online, leaving the matter undertaken for the client unresolved. 

¶23 Pursuant to ORPC Rule 1.3, "A lawyer shall act with reasonable diligence and promptness in representing a client." 

¶24 Over the course of his representation of B.F., Respondent failed to act with reasonable diligence and promptness in representing the client; failed to communicate and respond to the client's requests for information; and accepted substantial fees for work he did not carry through to conclusion. This demonstrates Respondent's failure to comply with ORPC Rules 1.3, 1.4, and 1.5.

¶25 We conclude Respondent violated ORPC Rules 1.3, 1.4, and 1.5. 

 

B. Count II: Representation of Shelly Downing

¶26 Respondent engaged in professional misconduct in his representation of Shelly Downing (Downing). Downing retained Respondent for several legal matters relating to Downing's business for which Downing paid Respondent $785.00. In particular, Respondent was retained to safekeep a thumb drive containing Downing's "master business plan" and asked to draft a cease-and-desist letter. Respondent failed to complete the letter. Frustrated and anxious, Downing requested that Respondent return the thumb drive. Downing's property was never returned. 

¶27 While there is conflicting evidence about the whereabouts of Downing's thumb drive, there is clear and convincing evidence that, over the course of his representation of Downing, Respondent failed to act with reasonable diligence and promptness in representing the client; failed to communicate and respond to the client's requests for information; and accepted a fee for holding property that can no longer be located. This demonstrates Respondent's failure to comply with ORPC Rules 1.3, 1.4, 1.5, and 1.15.

¶28 We conclude Respondent violated ORPC Rules 1.3, 1.4, 1.5, and 1.15. This constitutes professional misconduct pursuant to ORPC Rule 8.4(a).

 

C. Count III: Representation of Paula Jenkins

¶29 Respondent engaged in professional misconduct in his representation of Paula Jenkins (Jenkins). Respondent was retained to represent Jenkins in a McCurtain County estate matter. Jenkins paid Respondent a $10,000.00 retainer, $7,500.00 of which he eventually paid himself with approval from the probate court. Respondent prepared a petition for probate and sought to have Jenkins named personal representative to facilitate the disposal of estate assets. Thereafter, family members filed an objection challenging the validity of the will and contesting Jenkins' appointment. Respondent failed to file a response until requested by the court and failed to communicate with Jenkins about the case. After an adverse ruling against Jenkins, Respondent failed to perform further work on the matter and ceased communications. 

¶30 Over the course of his representation of Jenkins, Respondent failed to act with reasonable diligence and promptness in representing the client; failed to communicate with the client about the case; and collected a fee unapproved by the court. This demonstrates Respondent's failure to comply with ORPC Rules 1.3, 1.4, and 1.5.

¶31 We conclude Respondent violated ORPC Rules 1.3, 1.4, and 1.5. This constitutes professional misconduct pursuant to ORPC Rule 8.4(a).

 

D. Count IV: Matters Before District Judge Emily Maxwell

¶32 Seventeenth Judicial District

 

1. Representation of Aquanita Carter

¶33 Respondent engaged in professional misconduct in his representation of Aquanita Carter (Carter). Carter retained Respondent to represent her in a personal injury matter against the McCurtain County Sheriff's Office. Respondent filed a petition on Carter's behalf but thereafter performed no work and did not adequately communicate with his client. Defense counsel served discovery on Respondent, but it went unanswered. Following a series of email exchanges, defense counsel filed a motion to compel. Respondent did not respond to the motion to compel and failed to appear at the hearing on the motion. The court granted defense counsel's motion, but Respondent failed to comply with it. Eventually, Respondent was sanctioned, costs and fees were assessed, and his client's case was dismissed without prejudice. After the commencement of the Bar investigation, Respondent paid Carter's daughter $6,000.00, which Respondent determined was reflective of actual damages.

¶34 Over the course of his representation of Carter, Respondent failed to act with reasonable diligence and promptness in representing the client and failed to communicate with the client about the case. This demonstrates Respondent's failure to comply with ORPC Rules 1.3 and 1.4.

¶35 We conclude Respondent violated ORPC Rules 1.3 and 1.4. This constitutes professional misconduct pursuant to ORPC Rule 8.4(a).

 

2. Representation of Jonathan Flores-Vargas

¶36 Respondent engaged in professional misconduct in his representation of Jonathan Flores-Vargas (Flores-Vargas). Respondent was retained by Flores-Vargas to petition for his appointment as special administrator of his father's estate. Respondent secured Flores-Vargas' appointment but thereafter failed to perform any additional legal work or communicate with his client. Because of Respondent's failure to communicate with his client and appear in court, Flores-Vargas was removed as special administrator. Flores-Vargas' removal led to an eventual loss of ownership of two restaurants that had been successfully owned and operated by Flores-Vargas' father.

¶37 Over the course of his representation of Flores-Vargas, Respondent failed to act with reasonable diligence and promptness in representing the client and failed to communicate with the client about the case. This demonstrates Respondent's failure to comply with ORPC Rules 1.3 and 1.4.

¶38 We conclude Respondent violated ORPC Rules 1.3 and 1.4. This constitutes professional misconduct pursuant to ORPC Rule 8.4(a).

 

3. Representation of Delmar Vaughn

¶39 Respondent engaged in professional misconduct in his representation of Delmar Vaughn (Vaughn). Vaughn retained Respondent to represent him in a divorce and paid Respondent a $3,000.00 retainer. Respondent accepted the retainer but failed to perform any work on the matter. After Respondent failed to return Vaughn's calls, Vaughn filed a petition in small claims court and obtained a default judgment against Respondent in the amount of $3,000.00.

¶40 Although the representation was short-lived, Respondent failed to act with reasonable diligence and promptness in representing the client and failed to communicate with the client about the case. This demonstrates Respondent's failure to comply with ORPC Rules 1.3 and 1.4.

¶41 We conclude Respondent violated ORPC Rules 1.3 and 1.4. This constitutes professional misconduct pursuant to ORPC Rule 8.4(a). 

 

III. RESPONDENT'S CONDUCT

A. Failure to Cooperate & Actions Contrary to Prescribed Standards

¶42 RGDP Rule 5.2 specifies that "[t]he failure of a lawyer to answer [a grievance] within twenty (20) days after service of the grievance (or recital of facts or allegations), or such further time as may be granted by the [Bar's] General Counsel, shall be grounds for discipline." RGDP 1.3 provides: "The commission by any lawyer of any act contrary to prescribed standards of conduct, whether in the course of his professional capacity, or otherwise, which act would reasonably be found to bring discredit upon the legal profession, shall be grounds for disciplinary action, whether or not the act is a felony or misdemeanor, or a crime at all." During the joint hearing in SCBD No. 7903 (cons. w/ 7914), Respondent agreed "that he failed to timely respond to [OBA] grievances." 

B. Conduct During the Trial Proceedings

¶43 Respondent's failure to respond to the grievances and refusal to cooperate with the Bar's investigation notwithstanding, Respondent's testimony before the PRT included an acknowledgement that he did wrong, should have known better, and that there was no defense to his conduct. He also testified that he is embarrassed and has experienced shame on account of these proceedings. Respondent apologized to his family, friends, and peers, and to the Bar, the courts, and public.

¶44 We acknowledge and appreciate Respondent's decision to apologize and to admit his failures. Not every attorney facing disciplinary charges chooses to take responsibility or express regret for their actions. While Respondent's contrition does not exempt him from discipline, we have taken Respondent's remorse into account when considering appropriate discipline in this case.

IV. MITIGATION EVIDENCE

¶45 This Court takes note of the mitigating evidence presented to the PRT including Respondent's past seizures, 

¶46 Respondent's successful completion of a 30-day inpatient course of treatment in the fall of 2024, his decision to seek out a therapist, his willingness to contract with a Lawyers Helping Lawyers sponsor, and his testimony that he has maintained sobriety since the vehicle collision are taken into consideration with the discipline we impose. When the PRT inquired as to whether he was an addict, Newman "responded that he had an addictive personality and can abuse substances." 

¶47 The mitigating factors in this case do not excuse the underlying misconduct nor eliminate the need for discipline. 

 

V. DISCIPLINE

¶48 Based on the foregoing, we conclude Respondent has committed professional misconduct as that term is defined in ORPC Rule 8.4(a). Even when a respondent agrees with the Bar's assertion that they violated their ethical obligations to their clients, stipulate to nearly every allegation in the Bar's complaint, and invite discipline upon themselves, 

¶49 "We consider discipline using both the Rule 7 convictions and our Rule 6 conclusions." 

¶50 "Although we utilize prior decisions as a gauge for imposing attorney discipline, the particular facts and circumstances of each case dictate its resolution." State ex rel. OBA v. Sheridan, State ex rel. OBA v. Willis, State ex rel. OBA v. Lance, 

 In Sheridan, this Court suspended the attorney from the practice of law for six months and ordered respondent to participate in the Bar's management assistance program. 
 In Willis, this Court disbarred the attorney because of a pattern of misconduct stemming from criminal offenses and unresponsiveness to clients, this Court, the PRT, and the Bar, among others. 
 In Lance this Court disbarred the attorney for civil and criminal actions and their consequences to the attorney's clients and the profession. "Respondent's misconduct combined substance abuse, violence, dishonesty, disregard for court orders, disregard for legal process, and disregard for the Bar's requirements." 

¶51 Having considered these cases, reviewed the disciplinary recommendations in the record, and taken account of Respondent's criminal conviction and professional misconduct, including his interference with the administration of justice, we find suspension of one year is warranted and appropriate in this case. In contrast with Sheridan, which imposed a six-month suspension for a pattern of client-related professional misconduct, Respondent has also pleaded no contest to a felony DUI charge which demonstrated unfitness to practice law. This heightens the need for discipline in this case. Respondent's criminal and professional misconduct, however, do not rise to the level demonstrated in Willis and Lance, which resulted in disbarment. We also conclude that proper discipline in this case is categorically different than our past decisions stemming from alcohol-related offenses since Respondent was simultaneously engaged in professional misconduct that was injurious to his clients. For these reasons, we determine a one-year suspension is proper discipline.

¶52 We hope the discipline imposed in this case deters Respondent and reminds other members of the Bar of our predecessors' wise words: "A lawyer's license is a certificate of professional fitness to deal with the public as a legal practitioner. Public confidence in every approved legal practitioner is essential to the proper functioning of the profession." 

* * *

¶53 Respondent Ledger Wade Newman is suspended from the practice of law for one year and, pursuant to RGDP Rule 6.16, ordered to pay the costs of this proceeding in the sum of $6,907.06 within 90 days of the effective date of this opinion.

ORDER OF IMMEDIATE INTERIM SUSPENSION LIFTED; RESPONDENT SUSPENDED FROM THE PRACTICE OF LAW FOR ONE YEAR, EFFECTIVE THE DAY THIS OPINION BECOMES FINAL

CONCUR: ROWE, C.J., KUEHN, V.C.J., WINCHESTER, EDMONDSON, GURICH, KANE and JETT, JJ.

DISSENT: COMBS and DARBY, JJ.;

 
DARBY, J., with whom COMBS, J., joins, dissenting:
     "I would impose a two year and one day suspension."
 

FOOTNOTES

State ex rel. OBA v. Newman, SCBD No. 7903 (Okla. June 30, 2025); Order Nunc Pro Tunc Correcting Interim Suspension Order of June 30, 2025, Newman, SCBD No. 7903 (Okla. July 3, 2025); see also Rule 7.3, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2021 Ch. 1, App. 1-A. We now lift the interim order to impose final discipline.

State ex rel. OBA v. Newman, Consolidation Order, SCBD No. 7903 (cons. w/ 7914) (Okla. July 3, 2025); see also State ex rel. OBA v. Knight, 2014 OK 71330 P.3d 1216

5 O.S. § 13

Id.; State ex rel. OBA v. Kruger, 2018 OK 53421 P.3d 306

Id.

State ex rel. OBA v. Boone, 2016 OK 13367 P.3d 509

State ex rel. OBA v. Friesen, 2016 OK 109384 P.3d 1129

Id.

Attorney Faces Felony Count After an Accident, McCurtain Gazette, Sept. 26, 2024.

State v. Ledger Newman, Case No. CF-2024-155 (McCurtain Cty. D. Ct.).

Newman, SCBD No. 7903; see also Order Nunc Pro Tunc Correcting Interim Suspension Order of June 30, 2025, Newman, SCBD No. 7903.

Id.

See State ex rel. OBA v. Cooley, 2013 OK 42304 P.3d 453

Id. ¶ 12, 304 P.3d at 456; cf. State ex rel. OBA v. Burns, 2006 OK 75145 P.3d 1088

See id.; see also ORPC 8.4, cmt. 2 ("Many kinds of illegal conduct reflect adversely on fitness to practice law, such as offenses involving fraud and the offense of willful failure to file an income tax return. However, some kinds of offense carry no such implication. . . . Although a lawyer is personally answerable to the entire criminal law, a lawyer should be professionally answerable only for offenses that indicate lack of those characteristics relevant to law practice.").

Cooley, 2013 OK 42 see also State ex rel. OBA v. Bethea, 2024 OK 33549 P.3d 1230State ex rel. OBA v. Armstrong, 1990 OK 9791 P.2d 815Armstrong and Cooley indicate that a felony DUI does not facially demonstrate unfitness to practice law, we have also noted that "[e]ntering a plea of guilty or nolo contendere to a felony charge has routinely been viewed by this Court as satisfactory evidence of professional misconduct." State ex rel. OBA v. Gies, 2025 OK 59578 P.3d 1195State ex rel. OBA v. Conrady, 2012 OK 29275 P.3d 133

Cooley, 2013 OK 42

Bethea, 2024 OK 33549 P.3d 1230

Id.

Id.

State ex rel. OBA v. Littlefield, 2023 OK 53529 P.3d 185

Gies, 2025 OK 59

2025 OK 59

2024 OK 33

2023 OK 79531 P.3d 1276

Id. ¶ 3, 531 P.3d at 1277.

Id. ¶ 4, 531 P.3d at 1277.

Id. ¶ 19, 531 P.3d at 1280.

2023 OK 53

2019 OK 81455 P.3d 903

State ex rel. OBA v. Elsey, 2023 OK 115539 P.3d 710

Newman, Joint Stipulations ¶¶ 68, 69, SCBD No. 7903 (cons. w/ 7914) (Okla. Sep. 29, 2025).

Id.

See Bethea, 2024 OK 33549 P.3d 1230

State v. Newman, Case No. CM-2016-970 (Cleveland Cty. D. Ct.); see also Compl't's Ex. 33 at *2.

State ex rel. OBA v. Clark, 2023 OK 27527 P.3d 708

 cmts. 3 & 4 ([3] "Perhaps no professional shortcoming is more widely resented than procrastination. . . . [D]elay can cause a client needless anxiety and undermine confidence in the lawyer's trustworthiness. . . . [4] Unless the relationship is terminated . . . a lawyer should carry through to conclusion all matters undertaken for a client.").

see also Compl't's Ex. 7 at *6--7.

20 O.S. § 92.18

see also Joint Stipulations at 3--5, where Respondent admits he failed to timely respond to OBA grievances.

Id. The second seizure was related from benzodiazepine withdrawal, according to Respondent. Id.

see also Burns, 2006 OK 75

 at *8--9.

Id. at *8.

Burns, 2006 OK 75

See generally Resp't's Br.

5 O.S. § 13Kruger, 2018 OK 53

Cooley, 2013 OK 42

State ex rel. OBA v. Lance, 2023 OK 98540 P.3d 458

State ex rel. OBA v. Mortenson, 2023 OK 32527 P.3d 724

State ex rel. OBA v. Spadafora, 1998 OK 28957 P.2d 114State ex rel. OBA v. Sheridan, 2003 OK 8084 P.3d 710State ex rel. OBA v. McCoy, 2010 OK 67240 P.3d 675State ex rel. OBA v. Bradley, 2014 OK 78338 P.3d 629

State ex rel. OBA v. Drummond, 2017 OK 24393 P.3d 207

See Report of the Trial Panel at *12.

By contrast, the Bar "recommends that Respondent be suspended for two years, retroactive to the date of his immediate interim suspension and be ordered to pay the costs of these proceedings." Compl't's Br.-in-chief at 22.

Finally, Respondent invites this Court to "impose a six (6) month suspension, applied retroactively, considering he was interim suspended on the 30th day of June, 2025. Respondent agrees with the recommendation of having a mentor advise him during any probationary period, and [he] would abide by any probationary requirements this Court would impose." Resp't's Br. at 17.

2003 OK 8084 P.3d 710

2022 OK 15

2023 OK 98540 P.3d 458

Sheridan, 2003 OK 80

Id. ¶ 44, 84 P.3d at 119.

2022 OK 15

Lance, 2023 OK 98

State ex rel. OBA v. Livshee, 1994 OK 12870 P.2d 770

Burns, 2006 OK 75

Livshee, 1994 OK 12

Friesen, 2016 OK 109